BERGERON, Respondent, vs. MILES, Appellant.

*October 2 — October 23, 1894.*

*Deceit: Confidential relations: Joint purchase of land.*

Defendant induced plaintiff to join with him in the purchase of certain land, each to pay one half of the purchase price, which defendant falsely represented to be $8,000, when in fact it was but $3,000. Plaintiff gave defendant $4,000 to be used in paying for his share, and defendant paid for the land with $3,000 thereof, and kept the remaining $1,000 himself. *Held,* that even though the land was worth $8,000 the deceit was actionable and plaintiff was entitled to recover the amount paid to defendant in excess of his share of the actual price.

APPEAL from the Circuit Court for *Chippewa* County. One McDonough had an option to purchase certain lands belonging to one Mrs. Putnam, for the sum of $3,000. The defendant induced the plaintiff to purchase with him an undivided one-half of the lands. Each was to pay one half of the purchase price thereof, and to hold the same as equal joint owners. The defendant represented to the plaintiff that the price of the lands was $8,000, and that the lands were worth that price. The plaintiff gave the defendant $4,000, to be used in paying his share of the purchase money. The defendant paid for the lands with $3,000 of that money, and obtained a deed of the lands to himself and the plaintiff jointly, and kept the remaining $1,000 himself. The defendant himself paid nothing for the lands. On learning the facts with reference to the price paid for the land, the plaintiff brought this action to recover from the defendant the amount of money so delivered to the defendant in excess of his share of the price actually paid for the land.

On the trial the court submitted to the jury two questions: "(1) Did the plaintiff enter into an agreement with the defendant to join with him in the purchase of one half interest in the lands mentioned in the complaint, through

McDonough, with the understanding that the consideration of such purchase was to be $8,000, one half to be paid by plaintiff and one half by defendant? And (2) if to the first question you say, 'yes,' did the defendant represent and tell plaintiff that the purchase price of $8,000 was Mrs. Putnam's price for the lands, and that the same was to be paid to her?" It was agreed by the parties that these two questions covered all the controverted issues in the case. The jury answered both questions in the affirmative. The court gave judgment on the verdict, for the plaintiff, for $2,500. From that judgment the defendant appeals.

For the appellant the cause was submitted on the brief of *T. J. Connor*, attorney, and *H. H. Hayden*, of counsel.

*T. F. Frawley*, for the respondent.

NEWMAN, J. On the question whether the relation of the parties was such that the deceit practiced upon the plaintiff by the defendant will support the action the case very much resembles *Grant v. Hardy*, 33 Wis. 668. To make the deceit actionable, it is not necessary that the relation of the parties to each other shall be that of partners or tenants in common. Other relations which require and inspire trust and confidence to be reposed by the party deceived in the other may be sufficient to bring the case within the rule, as stated in *Grant v. Hardy* on page 674. If the defendant was under no obligation to the plaintiff to tell him all he knew about the land, he was at least under obligation not to deceive him by false statements with reference to it or the price at which it was to be bought by them. This he did, and so obtained from him much more than plaintiff's share of the price.

It is not denied that the defendant purposely deceived the plaintiff as to the purchase price of the land. Plaintiff supposed that the price to be paid was $8,000. It was, in truth, only $3,000. As it was represented to plaintiff, his share of the price was $4,000. In truth, his share of the

price was only $1,500. He gave to the defendant, on his representation, $2,500 more than his share of the price and more than he would have given if the defendant had not deceived him. Yet it is argued that this deceit is not actionable, because, it is said, the plaintiff was not damaged by it. This contention is based upon the assumed fact that the bargain was a good one at the price of $8,000. It must be evident that it would have been a better bargain at the price of $3,000. The plaintiff was entitled to his share of the full profit of the bargain. He was entitled to all the profit there was in the bargain by paying only his share of the price. Whatever he has paid more than his share of the price, by so much is the value of his bargain diminished. This is damage. It is damage of which the deceit is the cause. The plaintiff paid $2,500 more than his share of the price. The judgment of the circuit court is right, and is affirmed.

*By the Court.*— Judgment affirmed.