F. E. Jordan, Appellee, v. F. M. Markham, Appellant.

**Assignment of cause of action:** FAILURE OF PROOF: REVERSAL.
1 Where the pleadings disclose an assignment to plaintiff of the cause of action sued on and a copy is set out, which is denied on information and belief, and the trial proceeds without further objection on the theory that the assignment is valid, a lack of formal proof of its validity cannot be raised for the first time on appeal and made the basis of a reversal.

**Joint purchase of land:** SECRET AGREEMENT AS TO COMMISSION. Where
2 plaintiff joined with defendant in the purchase of land, without knowledge of a secret agreement by which defendant was to

retain a part of the price paid as commission, plaintiff was entitled to recover that portion of the commission paid by him.

*Appeal from Mitchell District Court.*— HON. CLIFFORD P. SMITH, Judge.

FRIDAY, MAY 18, 1906.

THE action is in equity, and the opinion states the case. From a decree in favor of plaintiff, defendant appeals.— *Affirmed.*

*Salisbury & Graves,* and *Mears & Lovejoy,* for appellant.

*Eaton & Salisbury,* for appellee.

BISHOP, J.— The plaintiff sues as assignee of her husband, William Jordan, and all parties live at Osage, Mitchell county. It appears that defendant was engaged to some extent in dealing in western lands, and on the occasion of a trip to Montana, he learned of a body of land — thirteen sections in extent — in that state, which was held for sale by one Lanterman, a banker at Mandan, N. D. He went to see Lanterman, and this resulted in an arrangement by which defendant was authorized to find a purchaser for the land at $3.50 per acre, out of which he was to receive fifty cents per acre, as commission for his services. Upon returning to Osage, defendant sought to interest divers persons in a purchase of the lands, among others being William Jordan. Soon thereafter defendant and Jordan went out to look over the land, and before their return they entered into a contract with Lanterman for the purchase of the entire tract at $3.50 per acre. At the time thereof there was paid to Lanterman by Jordan $2,400, and by defendant $1,600. Upon reaching home an agreement was entered into for a division of the lands by which Jordan and Markham were to take four sections each, and five other persons who came

into the deal one section each. Thereafter Jordan paid to defendant on account of the contract the further sum of $3,747.50, and, of this amount, defendant retained and appropriated to his own use the sum of $1,280 — being fifty cents per acre on four sections — and remitted the balance to Lanterman. This action is brought for an accounting and to recover back the amount so appropriated by defendant to his own use. The decree entered by the court below awarded to plaintiff the relief prayed for.

I. First, in order, it is a contention of appellant that the decree should be reversed, for that the assignment of the cause of action to plaintiff, as alleged in the petition,

1. ASSIGNMENT OF CAUSE OF ACTION: failure of proof: reversal.

was denied by answer and proof of such assignment was not made on the trial. Looking first to the pleadings, the petition asserts an assignment in writing, and a copy thereof is set out. The answer denies all allegations of the petition not expressly admitted, and later declares that as to the alleged assignment defendant has not sufficient information to form a belief, and he, therefore, denies. The writing was not introduced in evidence, and the record fails to disclose that reference in terms to the subject-matter was made in the testimony. But in no other way than by pleading was it suggested to the court that the action was not well brought in the name of plaintiff, and it is apparent that the trial proceeded to a close upon the theory that she sued by right. As far as appears, therefore, the question is made in this court for the first time. But aside from this, the subject is of interest to defendant only in the sense that the result of the trial shall be binding upon William Jordan, and, if, at the close of the evidence, he had any doubts, proper practice required of him that he at once direct the attention of the court to the subject. While it is possible that cases may arise in which interference with the decree on some such ground may be justified, such is not this case. Here William Jordan was the principal witness for plaintiff, and, in greater part, the

decree is bottomed on his testimony. And in view of this we think there is even warrant for saying that the record as a whole makes sufficient disclosure of the fact of the assignment. Certain it is that no court would ever afterwards hear Jordan to deny the right of his wife to sue, and in reason that is all defendant may demand. As supporting our conclusion, see Code, section 3601; *Hoyt v. Hoyt,* 68 Iowa, 703; *Iowa Stone Co. v Crissman,* 112 Iowa, 122. Quite a different situation is presented where the question arises out of a failure to make proof of the instrument upon which the right of action substantially considered is predicated. Thus in *Brandt v. Foster,* 5 Iowa, 287, a case relied upon by appellant, it was held error to enter judgment in an action on a promissory note without the note being produced or its absence accounted for.

II. Passing to the merits of the case, we find the controversy to be principally one of fact. Plaintiff contends that in making purchase of the lands her assignor relied upon

2. JOINT PUR-
CHASE OF
LAND: secret
agreement as
to commission.

the good faith of defendant, in whom he reposed confidence, as to the cost thereof, and without knowledge that defendant had an agreement with Lanterman, for a commission, and believing that the price at which the land was actually being purchased was $3.50 per acre; that the purchase was jointly made, and for mutual benefit, and that in making concealment of the situation as in fact existing, and in appropriating the moneys alleged, defendant committed an actionable fraud. It is the contention of defendant, on the other hand, that his connection with the transaction was merely that of an agent, and this was understood by Jordan; that he took the contract in his own name as a matter of convenience, and for the benefit of the various persons who had given him assurance that they would take portions of the land, and without expecting at the time to retain any portion for himself. It could serve no good purpose to attempt rehearsal or discussion of the evidence. The court below found the fact issue in favor of

plaintiff, and our reading satisfies us that the conclusion was warranted. And this being true, the decree requiring defendant to pay back the sum of money unfairly obtained by him with interest was right, and should be affirmed. On principle the case is governed by *Johnson v. Gavitt*, 114 Iowa, 183; *Iler v. Griswold*, 83 Iowa, 442; *Dorr v. Cory*, 108 Iowa, 725; *Purslow v. Jackson*, 93 Iowa, 694.

No error in the decree having been made to appear, it is *affirmed*.