B. E. THORP, Appellant, v. JOHN W. HOUGH and FIRST NATL. BANK OF OELWEIN, IA., Appellees.

Fraud in the sale of land: MEASURE OF DAMAGES. Where the plaintiff had secured an option upon land and solicited defendant to take a one-half interest therein with him, representing that the purchase price was materially greater than his option in fact called for; that the land was worth more than he represented it cost but that the owner was embarrassed and required to sell; that defendant could have the half interest by paying one-half the price required by the owner, upon which representations defendant relied and paid or obligated himself to pay much more than one-half the actual cost, a fraud was thus perpetrated upon him, and his measure of damages was the difference between the sum which he actually paid and the sum he would have paid had the price been truthfully represented to him; and it was immaterial whether the land was worth what defendant actually paid, or whether plaintiff subsequently sold defendant's interest for more than it cost him.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON, Judge.

THURSDAY, JULY 3, 1913.

ACTION for deceit practiced in a land deal.—*Affirmed.*

*Hasner & Hasner,* for appellant.

*Hageman & Farwell* and *Ainsworth & Hughes,* for appellees.

GAYNOR, J.—This appeal comes to us on exceptions taken to the action of the court, in rendering judgment in defendant Hough's favor on his counterclaim, in which he asks damages against the plaintiff in the sum of $2,250, with interest from July 1, 1907. Defendant claims damages by reason of deceit and fraud practiced upon him by the plaintiff, in a land deal. Defendant Hough states his cause of action in his counterclaim substantially as follows: In June, 1907, and prior thereto, plaintiff fraudulently represented to him that, owing to the financial embarrassment of the owner of a certain 1,400 acres of land in Taylor county, Wis., the plaintiff would be able to buy said land for the sum of $12,000, which he claimed was much less than its value; that plaintiff was unable to swing the deal alone, and he asked defendant to take a half interest in the land, and that if he would, he might have it at actual cost; that plaintiff and defendant would hold the land jointly and sell it as soon as possible, for their joint account; that if defendant would join in the purchase of the land, he would be required to pay only one-half the actual price that the owner was receiving. Plaintiff represented the full price to the owner to be $12,000, and, in furtherance of the fraud plaintiff exhibited a deed from the owner, in which the consideration named was $12,000. That in truth and in fact the price moving to the owner was not $12,000, as represented by plaintiff, and as stated in the deed, but was only $7,500. That the consideration named in the deed had been padded for the purpose of deceiving

defendant. That plaintiff then had a contract from the owner whereby the owner had bound himself to convey the land for $7,500. That plaintiff knew that his aforesaid statements as to the amount that the owner was receiving were false, and that the consideration in the deed was padded, and that the price in fact was only $7,500, and that he made said statements fraudulently, as aforesaid. That defendant relied upon said statements and representations as being true, and believed they were true, and in reliance thereon took a half interest in the land and paid therefor the sum of $6,000. That defendant had no knowledge as to the value of the land, and relied wholly upon plaintiff, and that he would not have bought the land had he known that the price to the owner was only $7,500. That in truth and in fact the owner received only $7,500 for all of said land. Defendant demanded judgment on his counterclaim for $2,500, with interest from July 1, 1907. To the claim plaintiff replied, admitting that defendant paid $6,000 for one-half interest in the land, but denying all other allegations, and especially denying that plaintiff was damaged in any sum by reason of the facts alleged in his petition, and alleging that plaintiff bought the land after having fully inspected the same. Upon the issues thus tendered, the cause was tried to the court, and judgment rendered for the defendant on his counterclaim in the sum of $2,835. From the judgment so entered, plaintiff appeals and assigns as error: (1) That the court erred in rendering judgment against the plaintiff for the reason that, if the court found as a matter of fact that the plaintiff did represent to the defendant that he paid $12,000 for the land that he was selling an undivided one-half interest in to the defendant for the sum of $6,000, still it was shown to the court that the defendant had disposed of his undivided one-half interest therein for at least a net cash profit to him, on the transaction, of $3,000, and therefore the defendant had sustained no damages by the alleged false representation. (2) There was no evidence in the case of any measure of

damages that would justify the court in rendering a judgment against the plaintiff for any amount.  (3) That, if the action be regarded as for money had and received, in excess of that which should have been paid on the basis of agency, then the judgment should have been only for $250 and interest.

The first error assigned is predicated on the fact, disclosed by the record, that the defendant, subsequent to the purchase of the land from the plaintiff, sold the same for a sum in excess of the amount paid, and therefore the defendant was not damaged, or in other words, that the land received was actually worth a sum in excess of the amount paid by the defendant therefor.  The second error assigned rests on the thought that the measure of damages in such cases is the difference between the actual value of the land and what it would have been worth had it been as represented, and that there is no evidence in the record to support any such measure of damage.  The third error assigned proceeds upon the theory that the representations complained of relate only to the value of the land, and that such representation is essentially the same as representations as to the quality of the land, and that therefore the measure of damage would be the difference between the value of land as represented and its actual value.

In plaintiff's presentation of this case, he proceeds upon the theory that the rights of the parties to the controversy must be determined by the same rules which should, and would, govern had this been a direct purchase by the defendant from the plaintiff of the land in controversy, and defendant was seeking to recover from the plaintiff damages, based on false and fraudulent representations, made by the plaintiff to him to induce defendant to purchase the land, and that the representations as to the amount which the plaintiff paid for the land, in its essential character, is the same as a representation made touching the character or quality of the land, and that therefore, if plaintiff was deceived or misled into the

purchase by the statements made by the plaintiff touching the value, the measure of his recovery would be the difference between the fair market value of the land, had it been as represented, and the fair market value of the land as it actually was; and, proceeding upon this theory, the plaintiff cites numerous authorities, which, without exception, show that that would be the true measure of any damage which plaintiff might sustain.

It is also urged by the plaintiff that the amount which plaintiff paid for the land could not damage the defendant if the land was in fact worth all that plaintiff claimed he was to pay for the same. But a careful analysis of plaintiff's petition presents to our minds a different basis for recovery, and shows that there was established, between the parties, an entirely different relationship from that which would exist between the ordinary buyer and seller. Here it appears that the plaintiff had, prior to any contract with the defendant, obtained from the owner of the land an option to purchase the same at $7,500; that the option was limited to thirty days; that he came to the defendant and represented to him that he was able to buy the land in controversy from the owner at $12,000; that was the price at which the owner was willing to part with it; that $12,000 was much less than it was worth, and represented to the defendant that the owner was financially embarrassed and was willing to sacrifice it at that figure. Plaintiff further represented to the defendant that he could not swing the deal alone, and asked the plaintiff to join him in the purchase of the land and take a half interest therein; that he could have a half interest upon paying half of the purchase price, or the price required to be paid by the owner; that thereupon the plaintiff procured a deed to be sent to the defendant bank, to be delivered upon payment of the purchase price; that thereupon the defendant, believing the statements of the plaintiff that the purchase price was $12,000, paid to said bank, upon said purchase, the sum of $4,000, and assumed and agreed to pay one-half of the

$4,000 mortgage then upon the premises; that subsequently the deed was delivered to the plaintiff, and the plaintiff conveyed a half interest in the land to the defendant. Thus it appears that the defendant paid, or assumed to pay, or obligated himself to pay, $6,000 for a half interest in the land; that the plaintiff paid but $1,500, that the defendant paid to the purchaser, for the plaintiff, and to secure for the plaintiff a half interest in the land, $2,250. The situation when summarized, appears to be substantially as follows: The plaintiff, having requested the defendant to join with him in the purchase of the land, with the understanding and agreement between them that each should pay one-half the purchase price of the land, and each should receive a half interest in the land, fraudulently represented to the defendant that the purchase price was $12,000, instead of $7,500, and fraudulently induced the defendant to pay to the purchaser $2,250 for the use and benefit of the plaintiff, and to secure for the plaintiff one-half interest in the land. Therefore the fact, as presented by the record, is that the plaintiff fraudulently induced the defendant to pay $2,250 on the purchase price of plaintiff's interest in the land.

We think, therefore, that this case comes squarely within the rule announced in *Bergeron v. Miles*, 88 Wis. 397 (60 N. W. 783, 43 Am. St. Rep. 911). The *Bergeron* case was an action to recover money obtained by deceit. Defendant, Miles, induced the plaintiff, Bergeron, to join him in the purchase of certain lands, each to pay one-half of the purchase price. Miles falsely represented the purchase price to be $8,000, when in fact it was but $3,000. Bergeron gave Miles $4,000 to be used in paying for his share. Miles paid but $3,000 of this money for the land, this being its actual purchase price, and kept the remaining $1,000 himself. There was a judgment for the plaintiff for $2,500 and the defendant appealed. The court said:

On the question whether the relation of the parties was such that the deceit practiced upon the plaintiff by the defendant will support the action the case very much resembles *Grant v. Hardy,* 33 Wis. 668. To make the deceit actionable, it is not necessary that the relation of the parties to each other shall be that of partners or tenants in common. Other relations which require and inspire trust and confidence to be reposed by the party deceived in the other may be sufficient to bring the case within the rule, as stated in *Grant v. Hardy.* . . . If the defendant was under no obligation to the plaintiff to tell him all he knew about the land, he was at least under obligation not to deceive him by false statements with reference to it or the price at which it was to be bought by them. This he did, and so obtained from him much more than plaintiff's share of the price. It is not denied that the defendant purposely deceived the plaintiff as to the purchase price of the land. Plaintiff supposed that the price to be paid was $8,000. It was in truth only $3,000. As it was represented to plaintiff, his share of the price was $4,000. In truth his share of the price was only $1,500. He gave to the defendant on his representation $2,500 more than his share of the price and more than he would have given if the defendant had not deceived him. Yet it is argued that this deceit is not actionable because it is said the plaintiff was not damaged by it. This contention is based upon the assumed fact that the bargain was a good one at the price of $8,000. It must be evident that it would have been a better bargain at a price of $3,000. The plaintiff was entitled to his share of the full profit of the bargain. He was entitled to all the profit there was in the bargain by paying only his share of the price. Whatever he has paid more than his share of the price, by so much is the value of his bargain diminished. This is his damage. It is damage of which the deceit is the cause.

The case is practically the same, the injury is the same, the damage is the same, where by false representations a party is induced to pay money for the use and benefit of another, as when he is induced to pay it direct to the party perpetrating the fraud, and in this respect only does the case at bar differ from the *Bergeron* case. As supporting the rule laid down in the *Bergeron* case, see *Johnson v. Gavitt,* 114

Iowa, 183; *Jordan v. Markham*, 130 Iowa, 546; *Cress v. Ivens*, 155 Iowa, 17.

So far as the rights of the defendant in this case, as against the plaintiff are concerned, it is wholly immaterial whether the land was or was not worth the price represented. It is wholly immaterial whether plaintiff did or did not subsequently sell his interest in the land for more than the amount that he paid for it. If he sold it for more, his profit was diminished to the extent of the amount paid by him therefor in excess of the amount which he should have paid.

We have examined the record in this case and are satisfied that the evidence justifies the conclusions herein reached, and that the court did not err in the application of law to the fact proven.

The case is therefore *Affirmed.*