WILLIAM McMULLEN, Appellee, v. O. M. HARRIS and J. A.
TYLER, Appellants.

Fraud in the purchase of land: CONFLICTING EVIDENCE: VERDICT: CON-
1   CLUSIVENESS.   Where the plaintiff alleged, and his evidence tended
to show, that plaintiff and defendant entered into an agreement to

purchase land jointly, and that defendant represented to plaintiff that the actual cost of the land was a certain sum, one half of which he paid, when in fact the price was much less, the issue ,of fraud was for the jury, although plaintiff's evidence was denied by defendant; and a verdict for plaintiff based thereon will not be set aside, in the absence of a showing of prejudice. Evidence held to support the verdict for plaintiff.

Same: FRAUD: INSTRUCTION. . Where the issue in an action for fraud in the purchase of land · was whether plaintiff and defendants purchased it as a joint venture under an agreement to that effect; or whether defendants purchased it and sold plaintiff a half interest, misrepresenting to him the cost price, an instruction calling attention to the partnership agreement, the cost as represented by defendants and plaintiff's reliance thereon, and the actual cost, and advising that plaintiff must establish all of these facts by a preponderance of the evidence, was sufficient, without instructing upon the law with respect to deceit and false representation; especially in the absence of a request for such instruction.

Same: FALSE REPRESENTATIONS: NEGLIGENCE OF PLAINTIFF AS DEFENSE. Where land was purchased under a partnership agreement it was the duty of defendants to disclose to plaintiff the exact truth as to the cost of the property; and that plaintiff was negligent in believing their statements was no defense to an action against them for fraudulently representing the cost.

Same: FALSE REPRESENTATIONS: PLEADINGS. Where plaintiff and defendants purchased land under an agreement providing for an equal interest and mutual profit, defendants were bound to account to plaintiff for money received of him in excess of his proportionate share of the actual cost; and in an action to recover such excess it was not necessary for plaintiff to allege in terms that the misrepresentations of defendants as to the cost were false and known to them to be false.

*Appeal from Mills District Court.*—HON. THOMAS ARTHUR, Judge.

TUESDAY, MAY 12, 1914.

ACTION at law for recovery of damages for alleged fraud perpetrated by defendants in certain real estate transactions.

The material facts are stated in the opinion. Judgment for plaintiff, and defendants appeal.—*Affirmed.*

*Genung & Genung,* and *Whitfield* and *A. E. Cook,* for appellants.

*Gillilland & Logan,* and *John Y. Stone,* all for appellee.

WEAVER, J.—The plaintiff alleges that the defendants, who are real estate dealers, proposed to him to enter into a partnership or joint adventure with them for the purchase of a section of land in Nebraska for their mutual benefit and profit; the plaintiff to have a half interest in the investment, and the defendants together to have the other half. He further alleges that, among the inducements offered for entering upon said venture, defendants represented that the land could be purchased for $20 per acre, which was the lowest price for which it could be obtained, and that to secure the same each purchaser would be required to pay $500 as an advance installment; the remainder to be paid when the conveyance was delivered. It is further alleged that plaintiff had no knowledge of the facts so represented except as stated by the defendants, and, believing and relying thereon, he entered into an agreement with the defendants by which he was to contribute to the said purchase one-half of the alleged purchase price of the land at $20 per acre; the title to be first taken in the name of the defendants, who undertook and agreed to thereafter convey an undivided one-half to him. Still relying upon and believing said representations, plaintiff says he did thereupon pay the advance payment of $500 and later sufficient to make the entire contribution of $6,400, being one-half the alleged purchase price of the land, and defendants did then or soon thereafter convey to him a one-half interest therein. He further alleges that the statements and representations made to him by defendants as to the purchase price of the land were false and fraudulent and were

so for the purpose of deceiving and defrauding him; that in truth and in fact the owner of the land from whom it was purchased was asking and demanding only $12 per acre therefor, and defendants in fact purchased it at that price, with the result that, while plaintiff contributed the full sum of $6,400, defendants in fact contributed $1,280 and no more. This alleged fraud was not discovered by him, he avers, until after the transaction had been consummated and he had parted with his money. He therefore asks to recover from defendants as damages all that part of the purchase money paid by him in excess of one-half of the actual price expended by the defendants and for interest thereon. The defendants deny the fraud charged against them and deny that they ever proposed or did in fact enter into any partnership or joint adventure with plaintiff with reference to said land or its purchase. It is their claim that they purchased the land themselves on their own account and for their own profit and that the sum and substance of their dealings with plaintiff were simply to sell and convey to him an undivided half of said land at the agreed price of $20 per acre. The cause was tried to a jury which found for the plaintiff for the full amount of his claim.

I. The first point made by the appellants is that the verdict is without support in the evidence.

The record is not open to that objection. The allegations essential to plaintiff's case are: First, that the parties entered into a joint or partnership agreement by which plaintiff and defendant firm were to contribute in equal shares to the purchase price of the land and have like share in the proceeds and profits of the venture; second, that defendants represented to plaintiff that the actual purchase price of the land was $20 per acre, and he, relying upon the truth of said representations, contributed to the payment of the property one-half of its alleged cost on that basis; and, third, that in truth the real and actual cost of the land was but $12

1. Fraud in the purchase of land : conflicting evidence : verdict : conclusiveness.

per acre, which fact was concealed from the plaintiff and did not come to his knowledge or notice until after his money had been paid and the deal consummated. The denial of these allegations raises the issue of fact upon which the result must turn. Each of these allegations is supported by competent testimony on the part of plaintiff. True, this testimony is in most respects denied by the defendants, who swear there was no contract or agreement for a joint undertaking in the purchase of the land and that the relation between them and plaintiff was that of buyer and seller, or grantors and grantee, and nothing more.

The question thus raised is one of fact, the decision of which depends upon the credibility of the witnesses and the weight and value of their testimony. It is an elementary proposition that an issue of this character is for the jury alone and that a verdict so rendered is conclusive upon the court unless it must be set aside for prejudicial error otherwise appearing.

Counsel appear to contend that, because the title was concededly first taken in the names of the defendants who thereafter conveyed a half interest to the plaintiff pursuant to an ordinary contract of sale theretofore made between them, the court should hold as a matter of law that plaintiff's claim of a partnership or joint venture cannot be sustained. The position is not tenable. It is not inconsistent with plaintiff's claim of a joint enterprise that the title should have been taken in the manner stated. At the time plaintiff says the agreement was made, defendants had already been in communication with the owner of the land, one Lukefahr, a resident of Texas, had ascertained its price, and had forwarded a contract to be executed by the owner to sell and convey the land to them. In that situation it was entirely natural, even if the alleged joint agreement was made as plaintiff says it was, that said contract of purchase by the defendants from Lukefahr should be consummated by a conveyance direct to themselves and that they should complete

the deal with plaintiff by conveying to him an undivided one-half interest. That this was done by an ordinary contract and deed as between an ordinary seller and buyer does not necessarily negative the claim of an agreement that the purchase price to Lukefahr should be paid by them in equal shares and that the land be held, owned, and sold by them for their joint use and benefit. The method adopted for obtaining and transferring the title is at most a circumstance bearing upon the reasonableness of plaintiff's story and was no doubt made use of my counsel for all it was worth in their arguments to the jury.

There is much in the record tending to corroborate and strengthen plaintiff's theory of the facts; but we have already pointed out sufficient to demonstrate that a jury question was presented, and it is unnecessary to extend this opinion for further recital of the record.

II. Complaint is made that the court failed to instruct the jury upon the law with respect to deceit and false representations.

The court did specifically call to the attention of the jury the material averments of the petition—the joint or partnership agreement, the representation that the land would

2. Same: fraud: instruction. cost $20 per acre, plaintiff's reliance thereon and payment of the money on that basis, and the fact that the actual cost was but $12 per acre. The jury were then told that, to entitle him to recover, plaintiff must establish each of these material facts by a preponderance of the evidence, and that a failure to so prove any of said facts would entitle defendants to a verdict. This was a comprehensive and sufficient statement of the law applicable to the issues. The court might, it is true, have stated in more or less abstract form the text-book definitions of fraud and deceit; but it is extremely doubtful whether, if the charge had been put in that form, it would have added anything to its helpfulness to the jury or furnished any additional safeguard to the rights of the litigants.

Moreover, the issue presented is something more than an ordinary action for damages on account of fraud and deceit in the sale of property. The rights of plaintiff are bottomed in the first instance on the existence of the alleged joint or partnership agreement, and, that being shown, the defendants were bound to reveal to him the exact truth as to the cost of the property which was being purchased for their common benefit. He had a right to assume that in reporting such cost to him and receiving his money for such purpose they were acting in good faith, and it would be no defense to his claim in this action to assert that he was negligent in believing their statements and ought not to have been deceived thereby. Again, it is to be said that in any event the court's instructions upon this subject were clearly right as far as they went, and there was no request or offer of additional instructions on the part of the defendants. The objections to the sufficiency of the court's charge must therefore be overruled.

3. Same: false representations: negligence of plaintiff as defense.

III. Attack is made upon the sufficiency of the petition to sustain the judgment because it does not allege in terms that the representations by defendants as to the cost of the land were false and known by them to be false. What we have already said sufficiently indicates the reason why this objection is unavailing. The theory of plaintiff's case, we repeat, is that there was an agreement of partnership or an undertaking whereby the parties were to purchase this land on equal terms for their mutual benefit and profit. That being true, and the jury has so found, it follows of legal necessity that, if defendants took or received from him money in excess of his proportionate contribution to the cost of the land, they are bound to account to him therefor, without respect to the fact whether they knew their statements to him were false. In other words, to receive money under such circumstances and refuse to account for it is a fraud in law

4. Same: false representations: pleadings.

without regard to the question whether at the time of receiving it they were acting in actual good faith in the belief that they could lawfully keep the money. The petition was not fatally defective.

IV. Finally, it is said that the court erred in failing to specifically direct the jury as to the effect of the written contract by which defendants agreed to convey to plaintiff a half interest in the land, which contract, as we have before said, was in form an ordinary agreement for the sale and conveyance of real estate.

The court did call the attention of the jury to the fact that this contract had been pleaded in the answer and was in evidence. It also instructed that the question whether there was a joint or partnership agreement for the ownership of the land bought from Lukefahr was a matter to be determined by the jury from all the evidence, which, of course, included evidence of the contract and its contents. If, as we have said, and here repeat, the arrangement by which plaintiff took title to his interest in the land is not necessarily conclusive against the theory of a partnership or joint undertaking, there is nothing in the instructions which constitutes prejudicial error. It was open to the defendants, had they so desired, to request additional or more specific instructions. This was not done, and under familiar rules error cannot be successfully assigned thereon. It was not left to the jury, as counsel argue, to construe that contract, but rather to determine, from all the facts in evidence including the contract, the truth of plaintiff's claim that the conveyance to him was simply the method or means adopted by the parties to effectuate or carry out an agreement of partnership in the purchase and ownership of the land.

No valid reason appears for disturbing the judgment of the district court, and it is therefore—*Affirmed.*

LADD, C. J., and EVANS and PRESTON, JJ., concurring.