O. W. NELSON, Appellee, v. T. P. LINDSEY, Appellant.

**JOINT ADVENTURES:** Liability of Parties—Third Persons. One entering into a joint adventure with another may not repudiate the good-faith acts of such other which are clearly within the scope of such joint adventure; much less may he repudiate such acts when he had actual notice of such acts prior to and at the time they occurred, and made no objection thereto.

JOINT ADVENTURES:  Nature of Relation—Construction of Agree-
2  ment.  The mere fact that one joint adventurer, in furtherance
of the adventure, advances money to his co-adventurers as a
loan, is not necessarily inconsistent with a joint interest, on
the part of the one so loaning, in the profits of the business.

*Appeal from Pottawattamie District Court.*—O. D. WHEEL-
ER, Judge.

WEDNESDAY, APRIL 4, 1917.

ACTION by the plaintiff against the sheriff to recover
the value of an automobile alleged to be the property of the
plaintiff, and wrongfully attached by the sheriff as the prop-
erty of another.  The real defendant in interest is Florine,
the attachment creditor.  The debtor in the attachment suit
was Gray, an automobile dealer.  Upon trial to a jury,
there was a general verdict and special findings for the
plaintiff, and the defendant appeals.—*Affirmed.*

*Thos. Q. Harrison, Mayne & Green* and *Wm. Mulra-
ney,* for appellant.

*Tinley, Mitchell, Pryor & Ross* and *Kimball & Peter-
son,* for appellee.

EVANS, J.—1.  Gray was an automobile
1. JOINT ADVEN-     dealer, engaged in business at Council
   TURES: liability
   of parties:       Bluffs, and making a specialty of handling
   third persons.
the Crescent Ohio automobile.  He had lit-
tle, if any, available capital.  While so engaged in such
business, and on October 1, 1913, Gray obtained from Flo-
rine the sum of $2,000.  At the same time, the following
writing was signed:

"In consideration of $2,000 to be invested by L. Flo-
rine of Cleghorn, Iowa, with E. E. Gray, of Council Bluffs,
Iowa, in a wholesale automobile business: that E. E. Gray
is to give Mr. Florine's son Philip the best instructions he
can in a business way and also to pay him a nominal salary

as E. E. Gray would feel justified in paying him without consideration of the amount of money invested. That in consideration of the said $2,000, Mr. Florine is to draw ⅛ net profits derived from the business, to be computed at the end of each fiscal year, beginning with September 1, 1913. L. Florine."

Subsequently, other amounts were borrowed by Gray from Florine, and notes were executed therefor. For money so advanced and loaned, Gray was owing Florine, on October 5, 1914, about $8,000, for which suit was brought by Florine against Gray, aided by attachment. A writ of attachment was levied upon all the automobiles in the possession of Gray at that time. The claim of plaintiff to one of such automobiles is founded upon a transaction between him and Gray in August, 1914, whereby the plaintiff ordered an automobile from Gray, and then and there paid him the purchase price therefor by check. The plaintiff was himself a small dealer in the town of Arion, and had a contract with Gray whereby a discount was agreed upon between them, and whereby Gray agreed to furnish him a Crescent Ohio automobile at a reduced rate, giving him the benefit of a dealer's discount. It is claimed for the plaintiff that, on or about October 1, 1914, he went to Council Bluffs and selected his particular car, and that, by agreement with Gray, it was then and there set apart to him and held for his use, the roads at that particular time being too muddy to permit the driving of the car to the plaintiff's home. That the plaintiff bargained for a car and paid for it in advance is proved beyond dispute. That, prior to the attachment, he had selected the car, and that the same was set apart to him, was testified to both by the plaintiff and by Gray. At this point, evidence in denial was put in on behalf of the defendant. For the plaintiff, it was contended that the defendant had actual notice of his purchase, and also that he was charged with notice thereof as a matter of

law, by reason of his alleged joint interest in the business with Gray.  For Florine, it was denied that he had any actual notice of the claim of the plaintiff, and likewise denied that he had any joint interest in the business which would charge him with notice.

The foregoing presents the general nature of the facts involved.  The principal attack of the appellant is upon the instructions of the trial court.  Special complaint is directed against the instructions that dealt with the matter of the interest, if any, of Florine in the automobile business, under and by virtue of the contract above set forth.  The trial court instructed the jury that the written agreement above set forth purported on its face to create in Florine an interest in the business to such an extent that he would be charged with notice of the sale to plaintiff by Gray, if any.  Special complaint is directed to this instruction. The brief of appellant is directed, at this point, wholly to the proposition that the contract in question did not create a partnership between Gray and Florine, in that it imposed upon Florine no obligation to share any part of the losses of the business.  It may as well be assumed, for the purpose of this case, that a partnership was not created between Gray and Florine. *Clark v. Barnes*, 72 Iowa 563; *Winter v. Pipher*, 96 Iowa 17; *McBride v. Ricketts*, 98 Iowa 539.  It this were a suit wherein it was sought to hold Florine liable for the debts incurred in the business, the proposition contended for by appellant would be quite decisive.  For the purpose of the present case, however, it falls short of the mark.  The trial court did not instruct that Florine was a partner under such contract, nor did he permit the jury to find that he was such partner.  The question at this point is a narrower one than that of partnership.  Parties may enter into a joint enterprise, whereby they assume mutual obligations to each other and agree to a basis of sharing profits.  Such an arrangement may fall far short of being a partnership, though

it has in it some of the elements of partnership. It is often denominated in the books as a joint adventure. The relation between the parties in such an enterprise is one of trust and confidence. The interest of each is affected by the conduct of the other. With reference to such enterprise, the parties are under mutual obligations of good-faith performance and frank disclosures of all material facts. The act of each party as to third parties is for the benefit of all the joint adventurers. In that respect, the relations as between themselves are similar to those of partners. *Mc-Mullen v. Harris,* 165 Iowa 703; *Gamble v. Loffler,* (S. D.) 133 N. W. 288; *Jordan v. Markham,* 130 Iowa 546; *Johnson v. Gavitt,* 114 Iowa 183; *Dorr v. Cory,* 108 Iowa 725; *Iler v. Griswold,* 83 Iowa 442; 23 Cyc. 453.

The question presented upon this record is not whether Florine was a partner of Gray's, but whether he made himself a joint adventurer in Gray's business. Clearly, he had an agreement for one eighth of the profits. This carried with it the right to a full disclosure in accounting, and impliedly imposed upon Gray the obligation of reasonable diligence and good faith in the use of the money furnished for investment. It implied an obligation on the part of Gray to sell automobiles at a profit and to sell as many as practicable. To that end, he was in the line of his duty to Florine to sell the automobile in question to Nelson. In so doing, he was acting not only for himself and his own interest, but also for Florine, in the sense that he was discharging the obligations of his contract. Having made the sale to Nelson, it was binding on Gray beyond power of repudiation. If the contract was made by Gray for the benefit of Florine as well as for himself, in the sense that Florine was interested in the profits thereof, why should not the sale be binding beyond the power of repudiation upon Florine also? His attachment of the automobile was

a repudiation of a sale made by Gray in his behalf. We think the trial court correctly instructed the jury as to the effect of this contract, and that the joint interest in the profits created thereby in Florine operated either as constructive notice to him of the sale, or else it made the sale conclusive upon him, in the absence of fraud or wrongdoing upon the part of Gray.

2. JOINT ADVEN-
TURES : nature
of relation :
construction
of agreement.

2. Our conclusion announced in the foregoing is quite decisive of the case. We do not overlook the fact that it is contended for Florine that the contract above quoted was only a part of the agreement between the parties. It is urged that the money advanced was in fact a loan, and that, on February 23, following, Gray gave to Florine his note therefor. On this question of fact, the evidence is in direct conflict. The testimony of Florine himself as a witness is not at all conclusive, even if it were deemed uncontradicted. The trial court, however, gave to the defendant the full benefit of the evidence on this question, and the finding of the jury was adverse to the defendant. We think ourselves that the fact, if such, that the principal sum of $2,000 was to be ultimately returned to Florine, is not inconsistent with his joint interest in the profits of the business while the investment continued; and this is so even though a note had been executed therefor.

The jury made a special finding that Florine had actual notice from conversation with Gray of the purchase by Nelson. This finding had support in the evidence, and of itself operated fatally to the priority of the attachment. We think there was no error prejudicial to the defendant in the instructions of the court, and its judgment is accordingly—Affirmed.

GAYNOR, C. J., LADD and SALINGER, JJ., concur.