ALBERT GREEN, Appellee, v. JONES COUNTY et al., Appellants.

No. 46598.

NOVEMBER 14, 1944.

REHEARING DENIED JANUARY 13, 1945.

Jordan & Jordan, of Cedar Rapids, for appellants.

Hogan & Less, of Cascade, and John J. Kintzinger, of Dubuque, for appellee.

MULRONEY, J.—Albert Green, an employee of Jones County, Iowa, filed his application for arbitration under the Workmen's Compensation Law, Code, 1939, section 1361 et seq., on October 16, 1942. In the application he alleged:

"That while engaged in replacing a drain culvert on a highway in Jones County, upon which he was working, he injured himself by lifting said culvert, and as a result of said lifting sustained severe internal injuries, pain and suffering and serious bleeding from the rectum."

The hearing before the deputy industrial commissioner, as sole arbitrator, additional arbitrators having been waived, resulted in a finding that claimant was totally disabled for forty-eight weeks starting from April 27, 1942, "* * * as a result of injury April 7, 1942, arising out of and in the course of his employment * * *." The decision was sustained by the industrial commissioner and the employer appealed to the district court. The district court affirmed the industrial commissioner and entered judgment in favor of the claimant. In this appeal by the employer and its insurer the appellants contend (1) that the court erred in holding that there was sufficient evidence to support the findings of the industrial commissioner as to the injury arising out of and in the course of the claimant's employment and (2) that the court committed error "in failing to hold that the Industrial Commissioner acted in excess of his powers in refusing an examination by the defendant of the claimant at some reasonable place within the State of Iowa."

[1] The claimant's testimony tended to establish that his lifting of heavy culvert pipes on April 7th and April 27, 1942, either resulted in hemorrhoids or aggravated a hemorrhoidal condition which later resulted in an abscess in his thigh. He was operated on for this abscess. His condition then improved and he was back at work in April of 1943. The defendants introduced no testimony.

The trial court's able analysis of the record fully justified its conclusion that there was sufficient therein to support the commissioner's finding that there was an injury on April 7, 1942, which either caused hemorrhoids or ruptured previously existing hemorrhoids. As the court pointed out, there was the testimony

by the claimant to the effect that he had never, before April 7th, been sick or bothered with hemorrhoids, but on that date he felt a sharp pain in his back as he was lifting this heavy culvert and immediately thereafter he passed blood. He attempted to see his doctor that evening but the doctor was not in. He felt better the next morning and went back to work, but on April 27th he again felt the pain while lifting a culvert and that evening he passed blood. He then consulted his doctor, who found him suffering from hemorrhoids. The doctor cauterized them but claimant complained of a pain in his leg. He was sent to other doctors but his trouble was finally diagnosed as an abscess in his thigh and he was operated on for this abscess on October 31, 1942.

The court also analyzed the medical testimony where claimant's doctor testified that lifting or straining can cause hemorrhoids and in his opinion the straining undergone by claimant on April 7th and 27th was the cause of hemorrhoids in this case and the abscess resulted from the hemorrhoids.

Such undisputed testimony fully supports the trial court's opinion as to the existence of sufficient competent evidence to warrant the commissioner's decision.

Defendants point to the answers of the doctor on cross-examination and argue that his testimony goes no further than to show a mere possibility of causal connection between the straining and the hemorrhoids within the rule of Slack v. C. L. Percival Co., 198 Iowa 54, 199 N. W. 323; Guthrie v. Iowa Gas & Elec. Co., 200 Iowa 150, 204 N. W. 225; and Boswell v. Kearns Garden Chapel Funeral Home, 227 Iowa 344, 288 N. W. 402. During the course of the doctor's cross-examination he stated: "Some [hemorrhoids] come on quite quickly * * * in the course of a day." Upon redirect examination he again testified positively that the hemorrhoids probably developed from the straining and lifting on April 7th and 27th. Upon recross-examination he stated that all he had to go on was what claimant said, and the following question was asked him: "Q. All you can say now of the condition existing on April 27th is that it may have existed or it may not have existed, is that correct?" To which the doctor replied: "That could be, yes."

With respect to defendants' contention here made, the trial court had this to say:

"It is apparently the defendants' idea, from the excerpts quoted last above, that they put this case within the rule laid down in Boswell v. Funeral Home, supra. I do not see it quite in that light, however. It seems to me that what the Doctor is saying here is that in making his diagnosis he necessarily has to take the history of the difficulty as given to him by the claimant. Not having seen Green until the 27th it follows that he must take his word for the pain, the passing of the blood, and other matters that happened prior to that time. This, however, inheres in almost every diagnosis made by a physician."

We adopt the conclusion of the trial court as our own. See, also, Lindeken v. Lowden, 229 Iowa 645, 295 N. W. 112; and Reynolds v. George & Hoyt, 230 Iowa 1267, 300 N. W. 530.

■ The record shows that after the notice of appeal to the commissioner was filed, but before hearing, the defendants applied to the commissioner for an order requiring the claimant to submit to a medical examination by Dr. Daniel Glomset, at their expense, at a reasonable time and place within the state of Iowa. The application was denied by the commissioner and error is predicated upon the trial court's "failing to hold that the Industrial Commissioner acted in excess of his powers" in refusing the order. But we cannot find any indication in the record that this was presented or argued to the trial court. The trial court made no ruling at all in this regard. Therefore, this presents no ground for reversal.

It is our conclusion that the trial court was right and the case is accordingly affirmed.—Affirmed.

All Justices concur.