EDGAR M. ELLIOTT, claimant-appellee, v. LLOYD WILKINSON, employer-appellant.

No. 49140.

(Reported in 81 N.W.2d 925)

APRIL 3, 1957.

Mosier, Mosier, Thomas & Beatty, of Waterloo, for appellant.

John W. Pieters, of Waterloo, for appellee.

HAYS, J.—Workmen's Compensation case wherein the defendant-employer appeals from a judgment of the district court affirming the Industrial Commissioner's award of compensation.

I. At the time of the arbitration hearing, defendant filed a motion to join as parties to the hearing the Warren Transport, Inc., and Donaldson Transfer Company under rules 25(c) and 33(b), R. C. P. This motion was overruled and the so doing is assigned as error. We have searched the record for some indication that this ruling was presented or argued to the trial court. No ruling upon this point is found nor do we find anything to indicate such a question was raised. In fact the trial court states in its decision, "Defendant solely contends and argues that compensation was erroneously awarded for the reason that at the time he suffered the injury claimant was not

his employee." No ground for reversal is presented by this assigned error. Green v. Jones County, 235 Iowa 564, 16 N.W.2d 238; Turner v. Zip Motors, Inc., 245 Iowa 1091, 65 N.W.2d 427, 45 A. L. R.2d 1174.

II. The basic issue raised is that the evidence does not warrant or support the finding of the commissioner that an employer-employee relationship existed between claimant and defendant. We think all parties concede that the injuries arose out of and in the course of the employment. Appellant puts the question as follows: Who was the employer? We think the sole question is: Was defendant the employer?

Much of appellant's brief and argument as well as the record is devoted to the claim that some third person or persons, the Warren Transport, Inc., and/or Donaldson Transfer Company, was the sole employer or perhaps dual employers with defendant. The record shows that at the time of the injury claimant was driving a truck-tractor owned by defendant. That defendant, owner of two truck-tractors, was operating them exclusively under leases with the companies above referred to, and at the time of the injuries claimant was transporting a cargo assigned to the Donaldson Transfer Company. If appellant's claim is based upon the "loaned employee" doctrine or on "dual employment", such is not applicable in this case. Muscatine City Water Works v. Duge, 232 Iowa 1076, 7 N.W.2d 203; Hassebroch v. Weaver Constr. Co., 246 Iowa 622, 67 N.W.2d 549. Whether either or both companies were employers of claimant is not the issue and cases such as Towers v. Watson Bros. Transp. Co., 229 Iowa 387, 294 N.W. 594, Sanford v. Goodridge, 234 Iowa 1036, 13 N.W.2d 40, and Hassebroch v. Weaver Constr. Co., supra, cited by appellant are not in point.

Section 86.29, Code, 1954, in part provides, "In the absence of fraud the findings of fact made by the industrial commissioner within his powers shall be conclusive" on appeal. In construing this and section 86.30 we have often held that on appeal the evidence is considered in the light most favorable to the employee. Rose v. John Deere Ottumwa Works, 247 Iowa 900, 903, 76 N.W.2d 756; Pohler v. T. W. Snow Constr. Co., 239 Iowa 1018, 1021, 33 N.W.2d 416, 418. It is also the established

rule that where the evidence is in dispute, or, if not in dispute, is of such a nature that reasonable minds may differ on the inference fairly to be drawn therefrom, the commissioner's finding is on the same footing as a jury verdict and is conclusive upon this court. Burt v. John Deere Waterloo Works, 247 Iowa 691, 697, 73 N.W.2d 732; Taylor v. Horning, 240 Iowa 888, 38 N.W.2d 105. In cases, however, where the facts are not in dispute and different inferences could not reasonably be drawn therefrom, it becomes a question of law and this court is not bound by the commissioner's findings or conclusions of law. Pribyl v. Standard Elec. Co., 246 Iowa 333, 67 N.W.2d 438; Van DeGarde v. Osceola County Cooperative Creamery Assn., 232 Iowa 51, 4 N.W.2d 234. Under the record in this case and under our holdings it matters little whether the matter is determined by us, as a matter of law, or we accept the commissioner's findings as conclusive. The result must be the same.

▮ Section 85.61(2) defines an employee as "a person who has entered into the employment of, or works under contract of service, express or implied, or apprenticeship for, an employer", with some exceptions not applicable here. Claimant, if he is to recover, has the burden of showing such a contractual relationship with the defendant. Knudson v. Jackson, 191 Iowa 947, 183 N.W. 391; Oswalt v. Lucas County, 222 Iowa 1099, 270 N.W. 847; Muscatine City Water Works v. Duge, 232 Iowa 1076, 7 N.W.2d 203.

▮ The record shows that under the leases with the companies above mentioned the defendant was to furnish drivers for his truck-tractors. While the companies had certain requirements that a driver must meet, if allowed to haul their cargoes, it is quite clear that the hiring of drivers was ultimately up to defendant; that while the companies might refuse to allow some driver to load their freight, and thus perhaps require defendant to hire a new driver or withdraw his tractor from the leased business, only the defendant could discharge him.

A few months prior to claimant's accident and injuries he approached defendant as to a job as a driver. He was told that defendant was buying a new truck-tractor, and if he could get the companies' approval he might hire him. Claimant was approved by the companies; he went on a trial run with defendant

and was then hired. He was paid every two weeks by the defendant, who withheld social-security and income-tax payments. Instructions as to the care of the equipment, routes to be taken and general operating directives were received from defendant. Defendant carried Workmen's Compensation insurance upon his employees. The commissioner found under this record that at the time of the injuries an employer-employee relationship existed between claimant and defendant. We agree.

III. Appellant also cites as error the degree of disability allowed by the commissioner. The award was on the basis of a permanent partial disability of 18% to his left leg and 98.8% loss of hearing in his right ear.

The record contains only the testimony of Dr. John R. Walker, relative to the injury to the leg, and that of Dr. Ross G. Randall as to the ear. Defendant offered no medical testimony. Doctor Walker placed the ultimate permanent disability as affecting the tibia and fibula, which is the leg. The commissioner awarded payments, under section 85.35(15) as modified by section 85.35(20), as to the leg. This is within the range justified by the testimony and is binding upon this court. Stowe v. Booth & Olson, Inc., 245 Iowa 1374, 66 N.W.2d 382.

Appellant also argues that the record does not show sufficient evidence on which to base the computation of compensation awarded, as is required under section 85.36. Assuming such an issue was raised in the district court, a question as to which there is some doubt, such question is not assigned as an error on this appeal.

Finding no error, the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.