BEULAH M. DAGGETT, claimant-appellant, v. NEBRASKA-EASTERN EXPRESS, INC., employer-appellee, and UNITED STATES FIDELITY AND GUARANTY CO., insurance carrier, appellee.

No. 50158.

(Reported in 107 N.W.2d 102)

JANUARY 11, 1961.

Porter & Heithoff and James A. Pratt, all of Council Bluffs, for claimant-appellant.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellees.

GARFIELD, C. J.—Beulah M. Daggett filed with the Iowa Industrial Commissioner her petition for arbitration claiming workmen's compensation for the death of her husband from his alleged employer, Nebraska-Eastern Express, Inc., and its compensation insurance carrier. The petition was heard by Deputy Commissioner Warren L. Huebner who awarded compensation. Upon Nebraska-Eastern's petition for review, the award was affirmed by the commissioner, but on its appeal to the district court the award was annulled. From this final court order claimant has appealed to us.

The sole disputed issue before the deputy commissioner and commissioner was whether decedent was an employee of Nebraska-Eastern or an independent contractor. Both officials found he was an employee. Claimant's petition for arbitration alleges decedent was fatally injured in the course of his employment for Nebraska-Eastern. The latter's answer denies decedent was an employee and received fatal injury in the course of any employment. It further alleges decedent was an independent contractor who operated his own business and was not under the direction or control of Nebraska-Eastern.

I. The arbitration and review decisions both recite that defendants failed to fulfill the burden of proving by a preponderance of the evidence that decedent, when fatally injured, was an independent contractor. The district court held it was error to place this burden on defendants, this could have been the controlling factor in those decisions and, although there is

some authority to the contrary, claimant must show by a preponderance of the evidence that decedent had entered into a contract of service as well as the negative fact he was not an independent contractor. On this point of burden of proof we think the commissioner and his deputy were not in error. The question is not an open one under our precedents.

Section 85.61, paragraph 2, Code, 1958, provides an employee means a person who has entered into the employment of, or works under a contract of service for, an employer "except as hereinafter specified." Paragraph 3 states the following persons shall not be deemed employees:

"a. A person whose employment is purely casual and not for the purpose of the employer's trade or business.

"b. An independent contractor.

"c. A person holding an official position, or standing in a representative capacity of the employer, * * *."

Paragraph 5 of section 85.61 provides the word "injury" shall, (b) "not include injury caused by the willful act of a third person directed against an employee for reasons personal to such employee, or because of his employment."

Everts v. Jorgensen, 227 Iowa 818, 823, 289 N.W. 11, 13, turned on the point of who had the burden of proof on this last quoted exception. In answer to the employers' contention that the burden to negative this and other statutory exceptions rested on claimant we held: "The rule propounded by appellants would require every claimant, in order to recover, to negative these exceptions by affirmative proof that his injury does not fall within one or more of the exceptions. We think this contention is contrary to the generally accepted rule that he who relies upon an exception to a general rule has the burden of establishing the facts which bring the matter within the exception."

The Everts opinion goes on to point out (pages 825, 826) that the employers, as was done here, apparently recognized the defense as an exception to the general rule by making an affirmative averment in relation thereto "and it would seem only logical that, in order to prevail in this defense, the burden should rest upon those who affirmed it, as a fact, to be true."

Reddick v. Grand Union Tea Co., 230 Iowa 108, 115, 296 N.W. 800, 803, applies the same rule to the defenses of willful intent to injure and intoxication, injuries from which are not compensable by reason of Code section 85.16. We said: "It was of course incumbent upon appellant to prove by a preponderance of the evidence that death was caused by injury arising out of and in the course of employment. * * * If appellant sustained this burden she was entitled to prevail unless appellee succeeded in proving by a preponderance of the evidence one or both of the affirmative defenses of suicide and intoxication. This question is clearly ruled by Everts v. Jorgensen, 227 Iowa 818, 289 N.W. 11."

Birch v. Malvern Cold Storage Co., 230 Iowa 357, 360, 297 N.W. 818, 819, holds, "The injury arose out of the employment and claimant is entitled to an award unless defendant has established its defense that intoxication was the proximate cause of the injury."

Dewey v. National Tank Main. Corp., 233 Iowa 58, 62, 8 N.W.2d 593, 596, holds, "When the corporation defends upon the ground that she held an official position and was therefore not an employee, it is incumbent upon the corporation to prove she was an officer * * *."

The exception from the employee status of one holding an official position is provided for by the same paragraph 3 of section 85.61, heretofore quoted, as provides for the exception of an independent contractor.

Judge Bliss' opinion in Garrison v. Gortler, 234 Iowa 541, 564, 13 N.W.2d 358, 368, 369, cites many authorities for this proposition, "The appellant made out a prima-facie case of employment by the appellee when he established that he was in the service of the latter under a contract of hire. The burden was then upon the appellee, in defense, to establish that appellant was an independent contractor, or that he was engaged in employment not for the purposes of appellee's trade or business." The opinion adds, "Appellee accepted this burden by pleading these defenses."

No Iowa decision contrary to these has come to our attention.

An article by Professor Maurice H. Merrill in 32 Iowa Law Review 1, 30, says of the defense of intoxication, "But, as in all other defenses, the burden of establishing it lies with the defendant." Everts v. Jorgensen, supra, 227 Iowa 818, 289 N.W. 11, and Birch v. Malvern Cold Storage Co., supra, 230 Iowa 357, 297 N.W. 818, are cited. A number of precedents from other states are in accord. See for example Victor Chemical Works v. Industrial Board, 274 Ill. 11, 113 N.E. 173, 179, Ann. Cas. 1918B 627, 634; Meek v. Julian, 219 Ind. 83, 85, 36 N.E.2d 854, 855, and citations; Clark v. Hughey, 233 Ind. 134, 117 N.E.2d 360, 361; Cunning v. City of Hopkins, Minn., 103 N.W.2d 876, 885.

The Meek opinion states, "A measure of liberality is indulged in construing the legislative definition of 'employee,' * * * and doubt as to whether the claimant was an employee or an independent contractor is resolved in favor of the former status [citations]."

To like effect is 99 C. J. S., Workmen's Compensation, section 91a, page 318, and, where similar exclusions were relied upon, Heiliger v. City of Sheldon, 236 Iowa 146, 154, 18 N.W.2d 182, 187; Brewer v. Central Constr. Co., 241 Iowa 799, 805, 43 N.W.2d 131, 135; Crouse v. Lloyd's Turkey Ranch, 251 Iowa 156, 163, 100 N.W.2d 115, 118, 119, and citations. The Crouse opinion says: "* * * in case of doubt we must construe the statute liberally and with a view to extend its aid to every employee who can fairly be brought within it."

Appellees have cited, as the trial court did in support of its conclusion on the question of burden of proof, Scholz v. Industrial Commission, 267 Wis. 31, 65 N.W.2d 1, which holds the issue as to whether claimant might have been an independent contractor, rather than an employee, does not present an affirmative defense. However it also holds the claimant has the benefit of a presumption that, if at the time of the accident he was rendering service for the alleged employer, the relationship of employer and employee existed, and the alleged employer has the burden of presenting evidence to rebut the presumption. It may be conceded this precedent does not accord with the rule to which we are committed.

■ II. As we have repeatedly pointed out, in the absence of fraud the findings of fact by the industrial commissioner are conclusive. Code section 86.29. And insofar as here applicable, section 86.30 provides any decision of the commissioner may be set aside if the facts found by him do not support it or there is not sufficient competent evidence to warrant it. There is no claim of fraud here.

We have consistently construed these provisions as making the commissioner's findings of fact conclusive where the evidence is in dispute or reasonable minds may differ on the inferences fairly to be drawn from the facts. Such findings have the same standing as a jury verdict. That is, if the evidence presents a question which should be submitted to a jury, if trial were to a jury, then the court is bound by the commissioner's findings. This is true even though the court might arrive at a different conclusion from the evidence. Ziegler v. United States Gypsum Co., 252 Iowa 613, 616, 106 N.W.2d 591, 593, and citations; Martin v. Skelly Oil Co., 252 Iowa 128, 132, 106 N.W.2d 95, 98, and citations; Hassebroch v. Weaver Constr. Co., 246 Iowa 622, 625–627, 67 N.W.2d 549, 551, 552, and citations.

■ It is the commissioner who weighs the evidence, not the courts. Ziegler case, supra; Yergey v. Montgomery Ward & Co., 239 Iowa 258, 261, 30 N.W.2d 153, 154; Iowa Law of Workmen's Compensation, by Professor Willard L. Boyd et al., page 105.

In determining the correctness of the commissioner's decision we must consider the evidence in the light most favorable to claimant. Ziegler v. United States Gypsum Co., supra; Volk v. International Harvester Co., 252 Iowa 298, 301, 106 N.W.2d 649, 650, and citations; Elliott v. Wilkinson, 248 Iowa 667, 669, 81 N.W.2d 925, 926, 927, and citations.

We think there was sufficient competent evidence before the commissioner to warrant his decision that decedent was an employee and it cannot be said as a matter of law he was an independent contractor. Indeed the district court did not hold decedent was, as a matter of law, an independent contractor. It held the facts "which relate directly to the transaction between decedent and defendant * * * are preponderately in defendant's

favor. * * * The preponderance of the undisputed evidence sustains the conclusion decedent was an independent contractor." However, the court's decision also states, "Some facts concerning defendant's usual practice or its method of doing business, considered in an isolated instance, may point the other way but they are of small persuasive value." These excerpts from its decision seem to indicate the court weighed the evidence for the purpose of determining the preponderance thereof rather than its sufficiency to warrant the award.

█ III. Since our compensation Act does not define "independent contractor" we have uniformly held resort to the common law for its meaning is necessary. Travelers Ins. Co. v. Sneddon, 249 Iowa 393, 398, 86 N.W.2d 870, 873, and citations. We need not repeat the usual common-law tests of such a status. They are set out in Mallinger v. Webster City Oil Co., 211 Iowa 847, 851, 234 N.W. 254; Taylor v. Horning, 240 Iowa 888, 891, 38 N.W.2d 105, 107; Hassebroch v. Weaver Constr. Co., supra, 246 Iowa 622, 628, 67 N.W.2d 549, 553. See also 99 C. J. S., Workmen's Compensation, section 91 et seq.

Restatement, Agency 2d, section 220(2), lists ten matters of fact to be considered in determining whether one acting for another is an independent contractor. Comment c, section 220, page 486, states "it is for the triers of fact to determine whether or not there is a sufficient group of favorable factors to establish the relation."

█ The most important test of an independent contractor is that he is free to determine for himself the manner in which the specified result shall be accomplished. Hassebroch v. Weaver Constr. Co., supra, 246 Iowa 622, 628, 67 N.W.2d 549, 553, and citations.

█ We will refer to the evidence, some of which we feel warrants the commissioner's decision.

Nebraska-Eastern is engaged in the interstate trucking business but owns no trucks. It makes written agreements with truck owners for hauling the cargoes of shippers. For each shipment a separate agreement is made. Under the agreement the truck owner leases it to Nebraska-Eastern for the trip. The truck is to be used exclusively by the lessee in the usual course

of its business. The lessor (decedent in this instance) agrees to pay maintenance and operating expense of the truck, including compensation for one or more drivers as required. The agreement further provides the lessee (Nebraska-Eastern) shall be responsible for loss or damage to the cargo and equipment and any property damage or public liability from the operation of the equipment. The lessee shall hold the lessor liable for any damage resulting from the fault of any driver or for disobeying rules of any company or state or government body. The lessee pays the lessor a stipulated rate per hundred pounds of cargo plus cost of extra labor and ice. If the driver is delayed en route he is to telephone Nebraska-Eastern to report the delay or be fined $50. In this instance the trip was from Omaha to Brooklyn, New York. This is a summary of the terms of the written agreement.

Decedent made nine previous trips for Nebraska-Eastern at intervals of about two weeks during a period of four and one-half months. Nebraska-Eastern prepared and furnished the truckers bills of lading for each shipment. They show points of loading and delivery and time of delivery. In this instance the cargo was butter to be transported from Omaha to Brooklyn, New York. Decedent was instructed to deliver part of the load to a consignee in Philadelphia, Brooklyn and New York City respectively. Remainder of the cargo, if any, was to be delivered in New York City to a fourth consignee. Decedent was fatally injured while driving his loaded truck in Pennsylvania.

While on these trips decedent operated his truck under Nebraska-Eastern's Interstate Commerce Commission and other permits. He held no such permit. The truck had the name "Nebraska-Eastern Express, Inc." on its side. Nebraska-Eastern carried insurance on the trucks for public liability and property damage, loss or damage of cargo, and workmen's compensation insurance on decedent and other drivers. In the event of mechanical trouble with a truck the driver notifies Nebraska-Eastern which advances money to pay for the repairs and, if necessary, sends another truck and driver to complete the trip. Nebraska-Eastern pays for additional labor to help unload the cargo in Philadelphia and New York. If decedent were to be

incapacitated Nebraska-Eastern would furnish a helper. It paid for any necessary government inspections of the load. Decedent was told, and it was understood, the load was to be delivered in Brooklyn the fourth morning after start of the trip. Nebraska-Eastern's president testified "if he wouldn't make his delivery by the fourth morning I expected him to be talking to me."

After the fatal accident, according to claimant, this witness told her "we have a burial fund", that is what he carried insurance for, and she would receive compensation of $32 a week for approximately six years. (The award was of $32 a week for 300 weeks.) Claimant's son corroborated her as to the talk about the burial fund. The president denied the company had a burial fund but testified he personally would have paid for returning the body if claimant had told him she was in trouble. He admitted he believed, at the time, decedent was covered by workmen's compensation insurance.

It is true there is evidence tending to support a holding decedent was an independent contractor. For example, he was free to select the route he traveled between Omaha and the Pennsylvania turnpike. Also Nebraska-Eastern did not withhold income tax or social security tax from its settlements with decedent. However, two concerns engaged in a like business, for which decedent did trucking, withheld such taxes from him. The deputy commissioner and commissioner, after saying they considered all the facts, thought the greater weight of the evidence indicates the company had under its agreement or assumed the right to control the time, manner and method of transporting and delivering the cargo and that decedent was an employee.

Certainly there is evidence decedent was not engaged in a distinct occupation or business, the work he was doing when killed was part of Nebraska-Eastern's regular business and the parties, at least the company, believed the relation of employer-employee was created. The written agreement provides the truck is to be used exclusively by the lessee within the usual course of its business. The fact decedent operated under the company's permits and it carried liability and workmen's com-

pensation insurance to protect it is evidence of such relation. Kaus v. Unemployment Comp. Comm., 230 Iowa 860, 866, 867, 299 N.W. 415, 419, and citations; Sanford v. Goodridge, 234 Iowa 1036, 1046, 13 N.W.2d 40, 45.

It is true operation under Nebraska-Eastern's Interstate Commerce Commission permit did not make decedent an employee as a matter of law. Coleman v. Ringle Truck Lines, 249 Iowa 1133, 91 N.W.2d 566.

The fact there was the written agreement between decedent and Nebraska-Eastern does not warrant a holding the former was, as a matter of law, an independent contractor. And, as previously indicated, we do not understand the district court so held. It is of course true that the construction of an unambiguous written agreement is ordinarily a question of law for a court, not one of fact for a fact-finding body. However, the finding is warranted here that the written agreement did not constitute the entire agreement between the parties. It was proper for the commissioner to consider other evidence tending to prove decedent's status. Sanford v. Goodridge, supra, 234 Iowa 1036, 1046, 1047, 13 N.W.2d 40, 45; Niemann v. Iowa Electric Co., 218 Iowa 127, 132–135, 253 N.W. 815; Root v. Shadbolt & Middleton, 195 Iowa 1225, 1231, 193 N.W. 634; 99 C. J. S., Workmen's Compensation, section 91b, pages 318–320; 57 C. J. S., Master and Servant, section 617a(5), pages 415–417.

We have read every precedent cited in appellees' excellent brief. In every Iowa compensation case cited in which the claim was denied on appeal to us the commissioner had denied the claim and we upheld such action. Obviously these precedents present a different question from one like this in which an award was made. Pohler v. T. W. Snow Constr. Co., 239 Iowa 1018, 1025, 33 N.W.2d 416, 420. Our question is not whether there is sufficient evidence to warrant a decision the commissioner did not make but whether there is sufficient evidence to warrant the decision he did make. Mallinger v. Webster City Oil Co., supra, 211 Iowa 847, 234 N.W. 254, is the only case cited where we reversed the decision of the commissioner. But there the commissioner denied the claim on the ground the deceased workman was an independent contractor and we held he was an employee.

Of course we do not imply we uphold the commissioner's decisions as a matter of course.

For judgment affirming the award the case is—Reversed and remanded.

All JUSTICES concur except PETERSON and SNELL, JJ., who take no part.