DONALD J. BASHFORD, appellant, v. LESTER (BUD) SLATER et al., appellees.

No. 50145.

(Reported in 108 N.W.2d 474)

April 4, 1961.

Kennedy, Kepford, Kelsen & Balch and Frederick G. White, all of Waterloo, for appellant.

K. L. Kober, of Waterloo, for Lester (Bud) Slater and Hawkeye Racing Association, appellees.

Mosier, Mosier, Thomas & Beatty, of Waterloo, and Willoughby, Strack & Sieverding, of Grundy Center, for Grundy County Agricultural Society, appellee.

HAYS, J.—This is a common-law action for damages for injuries sustained by plaintiff when hit by a car driven by defendant Slater and is based upon alleged negligence of Slater. It is the second time it has been before this court. See Bashford v. Slater, 250 Iowa 857, 96 N.W.2d 904.

Defendant Hawkeye Racing Association, hereinafter called Association, is engaged in promoting and staging stock car races. Defendant Grundy County Agricultural Society, hereinafter called Society, owns the Grundy County fairgrounds. Defendant Slater is a stock car racing driver. Plaintiff was employed by the Association to act as a starter or flagman at races staged by the Association on the fairgrounds above mentioned. While so acting plaintiff was hit by a car driven by Slater who was engaged in "packing the track" prior to the racing. In addition to the above facts, the petition alleges that the negligence of Slater, he being a person or agency employed by Society and Association as parties to a joint venture in the furtherance or accomplishment of a common purpose, is chargeable and imputable to the Society and Association, and that the negligence of Slater is the negligence of his codefendants.

Defendant Society filed a motion to dismiss the petition as not stating a cause of action. After citing section 85.3, Code, 1958, Workmen's Compensation Act, it asserts that neither the employer (Association) nor the employee (plaintiff) at any time filed a notice to reject the provisions of the compensation Act, as provided in chapter 85, Code, 1958; that plaintiff is barred from maintaining a law action against the Association, and under the allegations of the petition is barred from maintaining any action against any parties alleged to be joint venturers.

Plaintiff then amended his petition by alleging that the Association did not insure its liability under section 87.1, Code of Iowa, and did not have more than five persons engaged in hazardous employment within purview of sections 87.16 and 87.21 of the Code; that the Association is therefore liable under common law as modified by statute.

Before the motion to dismiss was submitted to the court it was stipulated by the parties as follows: In order to obtain

a final determination of the points raised by the Society, in its motion to dismiss, it is stipulated: (1) Contract between Association and Society is in evidence insofar as the trial court's determination of the motion is concerned. (2) Contract was in effect on date in question. (3) Plaintiff, when injured, was an employee of the Association; was originally employed by it; exclusively paid by it; it deducted Social Security and withholding taxes from his salary or wages; the matter of his discharge rested exclusively with it and that it gave him his orders or instructions. (4) The Society did not originally employ plaintiff; gave him no orders or instructions; paid no Social Security, withheld no tax on him and did not carry him on its records as an employee. (5) The Association did not insure its liability, section 87.1, Code of Iowa; that it did not have more than five persons engaged in hazardous employment, sections 87.16 and 87.21 of the Code. (6) Society carried Workmen's Compensation on its employees, whomsoever they may have been, section 87.1, Code, 1958.

The trial court then *found* that the Society had Workmen's Compensation as contemplated by section 87.1, Code; that plaintiff *alleges* in his petition that the Association and Society were engaged in a joint venture, and plaintiff was an employee of the Association. The court then *concluded* "that the liability of persons engaged in a joint venture is that of partners. This being true, the plaintiff as a race track official employed by the Association for this specific race, which constituted the alleged joint venture of the parties, was at that time for the purpose of furthering the joint venture also the employee of the Society (citing Baker v. Billingsley, 126 Ind. App. 703, 132 N.E.2d 273). Under the Iowa Workmen's Compensation Act the employee has no common-law action in tort against an employer, who has complied with the provisions of the Act, for injuries sustained in the course of his employment (citing American District Telegraph Co. v. Kittleson, Iowa, 179 F.2d 946). The motion to dismiss plaintiff's cause of action as to the Society is therefore sustained."

Shortly thereafter the court amended its findings by adding the following: "Plaintiff denies he was an employee of the Society, or that its insurance covered him."

Plaintiff appeals. It might be stated that a motion to dismiss filed jointly by Slater and Association was overruled and no appeal was taken therefrom.

Appellant assigns as error the sustaining of the motion to dismiss, stating four reasons why: (1) Liability of Association and Society is that of joint venturers and not as partners. (2) Plaintiff was at no time an employee of the Society. (3) The compensation Act limits recovery thereunder to actions brought by the employee against the employer and the protections of the Act are available to no other person. (4) Under the Act an employee may recover compensation against the employer and prosecute a tort action against a third party for damages arising out of the same injury. In his brief and argument he states the proposition presented by this appeal to the court is this:

"Can an employer, who together with another employer enters into a joint venture, and who, as a part of his contribution to such joint venture, offers the services of an employee, escape tort liability as provided by statute from an injury sustained by said employee in the course of his employment through claiming the protection of insurance carried by his fellow joint venturer for the benefit of that employer's employee only?"

If this be the issue presented, then we are asked to determine whether or not, under this record and the court's decision upon the motion to dismiss filed by the Society, plaintiff has a cause of action against the Association. The liability of the Association is in no way involved in this appeal. Its motion to dismiss was overruled and it has not appealed. The case is still pending against it in the trial court and we have no comments to make thereon.

However, irrespective of the statement of counsel, above quoted, we think the real issue presented by the error, assigned and argued by counsel in their brief, goes directly to the question of the efficacy of the matter urged by the Society as the basis for its motion to dismiss. That is, that since it carried compensation insurance on its employees, if plaintiff is its employee in the furtherance of a joint venture, plaintiff's recourse

against it is under the compensation statutes and not in a common-law action.

The Iowa Workmen's Compensation Act is purely statutory and creates rights and liabilities not recognized at common law. When, and only when, a relationship of employer and employee exists is the Act applicable. In enacting the Act the legislature saw fit to define who is an employee within the purview thereof, and one who wishes to avail himself, as an employee, of its provisions must come within the terms of the statute. Likewise, where one seeks to avoid common-law liability by recourse under the Act, as the Society in this case is seeking to do, it must show the plaintiff to be an employee as it is defined in the Act. Section 85.61(2), Code, 1958, defines "workman" or "employee" to mean "a person who has entered into the employment of, or works under contract of service, express or implied * * *."

In Knudson v. Jackson, 191 Iowa 947, 183 N.W. 391, we held the two phases used in the definition have no legal distinction and held that in order for a person to come within the terms of this Act as an employee it is essential that there be a "contract of service, express or implied", with the employer whom it is sought to charge with liability under the Act. See also Hassebroch v. Weaver Construction Co., 246 Iowa 622, 67 N.W.2d 549; Elliott v. Wilkinson, 248 Iowa 667, 81 N.W.2d 925; Coleman v. Ringle Truck Lines, Inc., 249 Iowa 1133, 91 N.W.2d 566.

Hjerleid v. State, 229 Iowa 818, 295 N.W. 139, states the matters for determining if a relationship of employer and employee exists, within the purview of the Act, are: (1) right of selection or right to employ at will; (2) responsibility for payment of wages by the employer; (3) right to discharge or terminate the relationship; (4) right to control the work; (5) whether the party sought to be held as the employer is the responsible authority in charge of the work or for whose benefit the work is performed. See also Muscatine City Water Works v. Duge, 232 Iowa 1076, 7 N.W.2d 203.

Applying above tests to the record here, we find it is agreed that the Association paid plaintiff; gave him all his orders and had the exclusive right to discharge him; was the

party in control of the races, and the responsible party in charge thereof. Every one of the above tests when applied to the Society are negative and we have no hesitance in holding that plaintiff, under this record, was not an employee of the Society within the purview of the compensation Act. It being clear that the ruling of the trial court was predicated upon the existence of such relationship, said ruling was erroneous.

The basis for plaintiff's cause of action against this Society is that of a joint venturer; both parties to the action seem to accept the existence of such relationship, at least for the purpose of this appeal. We assume, as did the parties and the trial court, that a joint venture existed between the two corporate defendants.

The ruling of the trial court sustaining the motion to dismiss is reversed and the cause remanded.—Reversed and remanded.

GARFIELD, C. J., and OLIVER, THOMPSON and PETERSON, JJ., concur.

LARSON, J., dissents.

BLISS, THORNTON and SNELL, JJ., take no part.

LARSON, J. (dissenting)—I respectfully dissent. Rights and liabilities of a joint adventure are usually tested by the rules governing partnerships, and many such contractual associations turn on the determination of the right to control. On the question of rights and liabilities under the Iowa Workmen's Compensation statutes we find no direct reference to either partnerships or joint adventures.

Section 85.61 provides: "1. 'Employer' includes and applies to any person, firm, association * * *." The term is quite broad—broad enough, it would seem, to include a partnership in the term "employer." Many courts declare that a joint adventure is subject to exactly the same rules as a technical partnership and must be enforced by the same principles. Nelson v. Lindsey, 179 Iowa 862, 162 N.W. 3; Tusant & Son Co. v. Chas. Weitz Sons, 195 Iowa 1386, 191 N.W. 884, and citations therein. We have held the law regarding joint adventure is

analogous to the law of partnership in many respects, but not identical with it. Goss v. Lanin, 170 Iowa 57, 152 N.W. 43.

Section 85.61 also provides: "2. 'Workman' or 'employee' means a person who has entered into the employment of, or works under contract of service, express or implied * * * for an employer, except * * *." The term "employee" also is broad and if the injured party is working for a party, association, partnership or joint adventure, under a contract of service, express or implied, it would seem he had but one employer, and as such it was or was not covered under the Act, depending on other factors.

It would seem offhand that the plaintiff here was the employee of both parties and, as one of them carried Workmen's Compensation, the claimant could recover thereunder and could recover no more. This, I understand, was not the holding of the Indiana Supreme Court in Baker v. Billingsley, 126 Ind. App. 703, 708, 132 N.E.2d 273, 276. There the court held a street carnival owner's employee, injured while assisting in erecting a Ferris wheel, furnished the owner by one in possession and control thereof for use in connection with a carnival under an oral contract for equal division of net proceeds of operation thereof between them, was the employee of both of them and hence entitled to recover compensation from the person furnishing the wheel, as well as the carnival owner. The court said therein, "It is true that a right of mutual control over the subject matter of the enterprise or over the property engaged therein is essential to a joint adventure." Also see, on the right to control, annotations in 48 A. L. R. 1057, and 37 A. L. R.2d 406.

I would hold here that if there was a joint adventure, there was joint control, and while both were liable for plaintiff's injury, there could be but one recovery, and, since one so injured was entitled to recover compensation under the Workmen's Compensation Act, no further recovery is proper or contemplated.

I would affirm.