NANCY EAGEN, appellant, v. K & A TRUCK LINES, INC., AUTO
OWNERS MUTUAL INSURANCE COMPANY, insurance
carrier, appellees.

No. 50862.

(Reported in 119 N.W.2d 805)

FEBRUARY 12, 1963.

Fred Cromwell, of Burlington, for appellant.

McDonald, McCracken, McDonald & Carlin, of Davenport, for appellees.

MOORE, J.—This action involves the claim filed by Nancy Eagen, widow of Bernard L. Eagen, for benefits under the Workmen's Compensation law as a result of his death near Denison on July 11, 1960, while driving a truck owned by his brother Harold Eagen and leased to defendant K & A Truck Lines, Inc.

The only disputed issue before the deputy industrial commissioner as sole arbitrator and the commissioner upon review was whether claimant's decedent was, at the time of his fatal injury, an employee of defendant. Both the deputy and the commissioner found he was not an employee of K & A Truck Lines, Inc., but an employee of his brother Harold. Compensation was denied. The district court held there was sufficient competent evidence to warrant the commissioner's decision and affirmed it. Claimant has appealed. We agree with the district court.

I. Before referring to the record it seems desirable we call attention to the functions of the industrial commissioner and the court in this and like cases. Section 86.29, Codes 1958, 1962, in part provides, "In the absence of fraud the findings of fact made by the industrial commissioner within his powers shall be conclusive" on appeal. Section 86.30 insofar as here applicable provides any decision of the commissioner "may be modified, reversed, or set aside on one or more of the following grounds and on no other: * * * 3. If the facts found by the commissioner do not support the order or decree. 4. If there is not sufficient competent evidence * * * to warrant * * * the order

or decision." No claim is made here of fraud or that the commissioner acted without or in excess of his powers.

█ We have repeatedly and consistently construed these provisions as making the commissioner's findings of fact conclusive where the evidence is in dispute or reasonable minds may differ on the inferences fairly to be drawn from the facts. Such findings have the same standing as a jury verdict. Taylor v. Horning, 240 Iowa 888, 38 N.W.2d 105; Bocian v. Armour & Co., 244 Iowa 304, 56 N.W.2d 900; Hassebroch v. Weaver Construction Co., 246 Iowa 622, 67 N.W.2d 549; Elliott v. Wilkinson, 248 Iowa 667, 81 N.W.2d 925; Martin v. Skelly Oil Co., 252 Iowa 128, 106 N.W.2d 95; Daggett v. Nebraska-Eastern Exp. Inc., 252 Iowa 341, 107 N.W.2d 102; Ziegler v. United States Gypsum Co., 252 Iowa 613, 106 N.W.2d 591.

█ It is not the court but the commissioner who weighs the evidence. Yergey v. Montgomery Ward & Co., 239 Iowa 258, 30 N.W.2d 153; Daggett and Ziegler cases, both supra. It is the court's duty to examine the evidence to determine whether it is sufficient to support the factual conclusion of the commissioner. Bocian v. Armour & Co., Hassebroch v. Weaver Construction Co., Ziegler v. United States Gypsum Co., all supra.

█ II. "Employee" as used in connection with the Workmen's Compensation Act, chapters 85, 86, Codes 1958, 1962, is defined by section 85.61(2) ·as "a person who has entered into the employment of, or works under contract of service, express or implied, or apprenticeship, for an employer," with certain exceptions not here applicable. Claimant, if she is to recover, has the burden of showing such a contractual relationship with defendant. Knudson v. Jackson, 191 Iowa 947, 183 N.W. 391; Oswalt v. Lucas County, 222 Iowa 1099, 270 N.W. 847, Muscatine City Water Works v. Duge, 232 Iowa 1076, 7 N.W.2d 203; Elliott v. Wilkinson, supra.

█ III. The testimony is in conflict in some regards but not to a great extent. K and A Truck Lines, Inc. (hereinafter called K & A) held certain Interstate Commerce Commission rights and was at all times pertinent to this case doing business as an interstate carrier. On March 30, 1960, K & A entered into a written vehicle lease and contract with Harold Earl Eagen

(claimant's Exhibit B) for his 1958 IHC truck-tractor. The agreement was for a five-year period subject to sixty-day cancellation by either party.

Some of the provisions of Exhibit B are:

"4. Lessee agrees to pay Lessor for the use of the equipment and the services of the driver in this lease an amount equal to Sixty-two and one-half percent (62½%) of the gross transportation revenue received by Lessee on all shipments transported by the vehicle, equipment and driver. Lessee retains the right to deduct from such pay the costs chargeable to the Lessor under the terms of this agreement and the pay period shall be semi-monthly with one pay period withheld in advance. * * *"

"7. The Lessor certifies that the equipment is delivered to Lessee in good running order and agrees to maintain the equipment at a roadworthy level as established by Lessee, furnishing all necessary oil, gasoline, tires, licenses, repairs, and to pay all other expenses incident to such operation. All expenses incurred by Lessee on behalf of Lessor as required herein shall be deducted from the payment agreed to in paragraph 4."

"10. Except as otherwise provided, Lessor agrees to drive the vehicle equipment personally. Lessor further agrees to comply with the standards of driver conduct established by Lessee as follows: * * *"

"13. The Lessor is a self-employed independent contractor and any substitute driver will be employed by and responsible to Lessor. An insurance policy to cover the Lessor and/or his driver must be filed with the Lessee, showing coverage equivalent to the State requirements on compensation insurance. If at any time it is necessary or desirable for Lessor or his substitute driver to become a union member, the Lessor as an independent contractor will be responsible for paying the union dues, initiation fees, health and welfare, and pension fund payments whether paid direct or deducted from Lessor's truck earnings, and paid on his behalf by the company."

On the date the contract was signed Bernard L. Eagen was present and the parties agreed Bernard would be the driver of the truck. At that time Harold and Bernard each filed with K & A an application for employment. Bernard later took a

physical examination. Testimony for defendant stated this was an I. C. C. requirement. Thereafter Bernard was the only driver of the truck which pulled K & A trailers in hauling cargo consigned to K & A. Bernard took all his orders from officials of K & A. On July 11, 1960, he left Bettendorf driving his brother's truck-tractor, pulling a K & A trailer loaded with heavy machinery. He drove to Fort Dodge as instructed where he executed the necessary documents to acquire the right of Hove Truck Lines. K & A rights only extended to Fort Dodge. After leaving Fort Dodge and when near Denison Bernard was killed while driving the vehicle.

Bernard was not paid by K & A. The company could have refused to permit Bernard to continue to drive if he violated the safety rules or was guilty of improper conduct. He could have been discharged at any time by Harold. Harold failed to obtain and file with K & A an insurance policy as required by paragraph 13 of the lease agreement.

Part of Harold's testimony was:

"Bernard Eagen had to furnish his own expenses out of his share of the proceeds, but it was my job to pay the mechanical expenses as gas, oil and incidental repairs. On the road Bernard would have to advance the money and I made it good to him. I paid Bernard Eagen one fourth of the 62½ per cent of the gross revenue of the truck. Out of what I paid Bernard I made no deductions for social security, income withholding tax and **unemployment** insurance. Bernard was to pay his social security."

The record clearly demonstrates there is sufficient competent evidence to warrant the commissioner's decision that decedent was an employee of his brother and not defendant at the time of his death.

Claimant has placed considerable reliance upon Daggett v. Nebraska-Eastern Exp., Inc., 252 Iowa 341, 107 N.W.2d 102 It appears the Daggett case is clearly distinguishable both as to facts and issues involved. The decedent in the Daggett case was an owner-driver of his truck which he leased to the common carrier traveling under its rights and subject to its complete control. He was paid directly by the carrier. In the Daggett

case the defendant asserted the affirmative defense that decedent was an independent contractor and had the burden to prove that relationship. In the case at bar the defendant denied decedent was an employee and, as we have stated, claimant had the burden of proving he was an employee within the definition set out in section 85.61(2). In the Daggett case the commissioner awarded compensation, here it was denied. There, as here, we held there was sufficient competent evidence to warrant the commissioner's decision.

We are not to be understood as holding we would reverse this case had the commissioner held for claimant. We hold the decision made by him was supported by sufficient competent evidence.—Affirmed.

All JUSTICES concur.