CHARLES WAGNER, appellant, v. OTIS RADIO & ELECTRIC COMPANY, employer; HARTFORD ACCIDENT & INDEMNITY COMPANY, insurance carrier, appellees.

No. 50820.

(Reported in 119 N.W.2d 751)

FEBRUARY 12, 1963.

Fred S. Nordenson, of Sioux City, and Patrick J. Morrow, of Onawa, for appellant.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellees.

GARFIELD, C. J.—Plaintiff-Wagner injured his back November 4, 1957, while working for defendant Otis Radio & Electric Company. A memorandum of agreement for workmen's compensation was filed with the industrial commissioner, pursuant to section 86.13, Code, 1958, on July 22, 1958, and evidently was approved by him. Under this agreement plaintiff was paid compensation 26 weeks at $32 per week, $832 in all. November 12, 1958, plaintiff filed with the commissioner his application for review-reopening under Code section 86.34, claiming he suffered greater disability than compensated for and was entitled to further compensation. Deputy Commissioner Warren L. Huebner heard the application March 14, 1960, and denied it. Upon plaintiff's appeal to the district court the order was affirmed. From the judgment of affirmance plaintiff has appealed to us.

I.   Section 86.34 provides any award for payments or agreement for settlement made under Code chapter 86, where the amount has not been commuted, may be reviewed by the commissioner or his deputy at the request of the employer or employee and if, on such review, the commissioner finds the employee's condition warrants such action he may end, diminish or increase the compensation so awarded or agreed upon. Appeal to the district court from any such decision of the commissioner or deputy is also provided for.

We have held a decision on review pursuant to 86.34 depends upon the condition of the employee found to exist subsequent to the date of the award or agreement under review. Increased incapacity of the employee, due to the original injury,

subsequent to the making of such award or agreement entitles the employee to additional compensation under 86.34. Rose v. John Deere Ottumwa Works, 247 Iowa 900, 905, 906, 76 N.W.2d 756, 759, and citations; Bousfield v. Sisters of Mercy, 249 Iowa 64, 68, 69, 86 N.W.2d 109, 112, 113; 101 C. J. S., Workmen's Compensation, section 854c, pages 210–213; Iowa Law of Workmen's Compensation by Professor Willard L. Boyd and others, pages 106, 107.

II.   So far as pertinent here, Code section 86.30 states any order or decision of the commissioner may be modified, reversed or set aside on appeal "3. If the facts found by the commissioner do not support the order or decree." or "4. If there is not sufficient competent evidence * * * to warrant * * * the order or decision." Plaintiff's appeals to the district court and to this court are based on these two statutory grounds.

██   We have repeatedly construed these provisions as making the commissioner's findings of fact conclusive on appeal where the evidence is in dispute or reasonable minds may differ on the inferences fairly to be drawn from the facts. Such findings have the standing of a jury verdict. That is, if the evidence presents a question which should be submitted to a jury, if trial were to a jury, then the court is bound by the commissioner's findings. This is true even though the court might arrive at a different conclusion from the evidence. Daggett v. Nebraska-Eastern Express, Inc., 252 Iowa 341, 347, 107 N.W.2d 102, 106, and citations; Hemker v. Drobney, 253 Iowa 421, 424, 425, 112 N.W.2d 672, 673, 674, and citations.

It is the commissioner, not the court, who weighs the evidence. Citations last above; Yeager v. Firestone Tire & Rubber Co., 253 Iowa 369, 372, 112 N.W.2d 299, 301.

██   The commissioner's findings will be broadly and liberally construed and to uphold, rather than defeat, his decision. Hemker v. Drobney, supra; Nicks v. Davenport Produce Co., 254 Iowa 130, 135, 115 N.W.2d 812, 815, and citations; 100 C. J. S., Workmen's Compensation, section 757, page 1145, section 763(2), pages 1175–1177.

██   Plaintiff had the burden of showing by a preponderance of the evidence before the deputy commissioner that he suffered

increased incapacity due to the original injury, subsequent to the making of the agreement for compensation, which entitled him to additional compensation. Henderson v. Iles, 250 Iowa 787, 793, 794, 96 N.W.2d 321, 324, and citations; Rose v. John Deere Ottumwa Works, supra, 247 Iowa 900, 908, 76 N.W.2d 756, 760, and citations. See also Hemker v. Drobney, supra, 253 Iowa 421, 431, 112 N.W.2d 672, 677.

Plaintiff's brief states the principal question presented by the appeal is whether he proved by a preponderance of the evidence disability as a result of the injury greater than that for which he was paid compensation. If this means our question is whether the evidence is sufficient to have warranted an order by the commissioner for increased compensation we think it misconceives the issue upon this appeal. The question here is not whether there is sufficient evidence to warrant a decision the commissioner did not make but whether the decision he did make is warranted by the record. Daggett v. Nebraska-Eastern Express, Inc., supra, 252 Iowa 341, 351, 107 N.W.2d 102, 108; Hemker v. Drobney, supra, 253 Iowa 421, 424, 112 N.W.2d 672, 674; Rubendall v. Brogan Constr. Co., 253 Iowa 652, 657, 113 N.W.2d 265, 268.

It follows from the fact plaintiff had the burden of proof and from the other considerations we have referred to that unless it may be said as a matter of law plaintiff was entitled to additional compensation there is insufficient ground for interfering with the decision of the deputy commissioner. Hassebroch v. Weaver Constr. Co., 246 Iowa 622, 627, 67 N.W.2d 549, 552. See also 100 C. J. S., Workmen's Compensation, section 763(1), page 1174.

We are satisfied the record before the deputy was such that if trial were to a jury the case should have been submitted to it and we are not justified in disturbing his denial of additional compensation. We think the following brief review of the evidence sufficiently indicates the decision we are called upon to make.

III. Plaintiff worked steadily for defendant as a janitor and helper from April 1, 1953, until he twisted or strained his back November 4, 1957, while moving a barrel filled with pow-

dered chemical weighing 350 pounds. His age was then 56. Following this incident plaintiff sat in a chair until time to go home. He worked the next day but on November 6 reported to defendant's plant superintendent he hurt his back and would go to a doctor. He has not worked since then.

Until he was injured plaintiff had always done mostly heavy labor. As a witness he insists his back had not troubled him before his injury but the pain and discomfort therefrom prevented his doing the only kind of work he was qualified to do. Plaintiff's wife and three former coworkers testify they never heard him complain of his back before November 4, 1957. However, there is a sharp conflict in the testimony on this point. Defendant's general manager, formerly plant superintendent, says plaintiff complained of his back or legs hurting him once or twice a month the last two years he was employed. Three fellow employees also testify to occasional previous complaints by plaintiff of back trouble.

The doctor plaintiff first consulted was Doctor Eneboe. He did not testify. December 2, 1957, he referred plaintiff to Doctor Robert E. Van Demark, an orthopedic surgeon in Sioux Falls who testified by deposition. Doctor Van Demark expresses the opinion plaintiff has partial permanent disability of about fifty percent. He says, however, plaintiff had rather severe arthritis between the third and fourth lumbar vertebræ; the third vertebra was displaced backward on the fourth; the disc had degenerated and the joints had collapsed; the arthritis in the spine was well advanced and of the destructive type; this arthritic condition existed before plaintiff was injured; the witness does not know how much of plaintiff's disability is due to his injury but the condition shown by the X rays would indicate a disability of 30 to 35%.

Defendant offered the testimony of Dr. William M. Krigsten, an orthopedic surgeon in Sioux City who examined plaintiff and took his history at Doctor Eneboe's request, November 27, 1957, and again November 14, 1958. There is no evidence defendant employed Doctor Krigsten. Plaintiff himself says he suggested Doctor Eneboe send him to Doctor Krigsten. This doctor testifies plaintiff gave him a history which the witness

recorded of backache for many years; in 1953 plaintiff had backache after a lifting injury and was treated by osteopathic adjustments off and on from then until November 4, 1957; plaintiff was rejected for service in World War I because of back discomfort and unequal length of his legs; the left side of his pelvis was much higher than the right; the left leg was a half inch longer than the right.

Doctor Krigsten further testifies at length concerning X rays taken of plaintiff in November 1957; they show plaintiff has curvature of the lower spine, almost complete disappearance of the inner space and disc between the fourth and fifth lumbar vertebrae, a congenital weakness of the upper part of the sacrum, rather advanced arthritic changes in the spine which would take at least 12 to 20 years to develop; X rays made in November 1958 reveal about the same condition as those taken the year before; the arthritic changes shown by the X rays would account for plaintiff's discomfort. The X rays were received in evidence.

Doctor Krigsten's opinion was that plaintiff had chronic lumbosacral sprain, with left sciatica, from congenital weakness, arthritic changes of the lumbosacral spine and displacement of the fifth lumbar vertebra. His testimony continues:

"I don't think he had a permanent injury. I think he twisted his back a little and with arthritis and narrowing of the disc any little twist out of the ordinary would cause pain for a short time at least. * * * I would think the discomfort he was having when I first saw him in November 1957 was probably * * * the late stages of whatever injury he suffered early in November. *I don't think that injury would have existed more than six months from November 4, 1957.* The aggravation which occurred November 4 should have subsided in the six months following. *I think any disability existing beyond that date would be due to the pre-existing condition of the spine.* * * * I have seen patients identical to him who have severe backache and can't work, without a history of injury."

There is other testimony. Plaintiff denies he gave Doctor Krigsten the history the doctor says he took and wrote down at

the time. The dispute was for the deputy commissioner, not for us, to resolve. He believed the doctor.

Dr. W. G. Rowley, a general practitioner, examined plaintiff November 14, 1958, and April 19, 1960. He had no X rays taken and examined none. He testifies as plaintiff's witness he is totally disabled for work. The deputy could properly find his testimony was entitled to less weight than that of Doctors Van Demark or Krigsten.

Further recital of the evidence is deemed unnecessary. As stated at the outset, the agreement for compensation was filed July 22, 1958, and plaintiff received compensation for six months. There can be little doubt the facts found by the deputy commissioner support his denial of additional compensation. It is scarcely less clear Doctor Krigsten's testimony warrants the making of such decision, especially since it seems to be corroborated in important respects by the X rays, Doctor Van Demark and other witnesses. Doctor Krigsten insists the incapacity for which additional compensation is claimed was due to plaintiff's pre-existing condition, not to his injury on November 4. The fact finder accepted this view as he had a right to do. In this respect the case is much like Hemker v. Drobney, supra, 253 Iowa 421, 112 N.W.2d 672.

Essentially, we are asked to weigh evidence in dispute or from which different inferences may fairly be drawn and reach a conclusion therefrom different from the deputy commissioner's. This we may not do.

The judgment is—Affirmed.

All JUSTICES concur.