MARY JANE NELSON, widow of Raymond Nelson, appellant, v.
CITIES SERVICE OIL COMPANY, employer, and HARTFORD
ACCIDENT AND INDEMNITY INSURANCE COMPANY,
insurance carrier, appellees.
No. 52319.

November 15, 1966.

Rehearing Denied January 9, 1967.

Robert L. Ulstad, of Fort Dodge, for appellant.

Davis, Huebner, Johnson & Burt, of Des Moines, for appellees.

RAWLINGS, J.—Claimant, Mary Jane Nelson, filed application with the Iowa Industrial Commissioner for arbitration, claiming compensation benefits for death of her husband from his alleged employer, Cities Service Oil Company, and its compensation insurance carrier.

Findings adverse to claimant by the commissioner on review were ultimately affirmed by the district court and claimant appealed.

Under one omnibus assignment of error relied on for reversal claimant asserts as follows: "Whether considering the whole Record the District Court erred in concluding that the Commissioner who put the burden of proof on the claimant, properly found the decedent was an independent contractor."

Various "brief points" are then set forth which, liberally construed, include arguments to the effect the commissioner erred: (1) in placing upon claimant the burden to prove her decedent was an employee and not an independent contractor, and (2) in concluding, under the facts, decedent was an independent contractor.

In any event these appear to present the basic and determinative elements involved in the foregoing assignment which, as closely related propositions of law and fact, will be accordingly considered. Rule 344(a)(4)(b), Rules of Civil Procedure. But see In re Estate of Givens, 254 Iowa 1016, 1027, 119 N.W.2d 191.

Other matters incidentally explored in claimant's brief but neither properly assigned nor argued will be considered only as they inhere in the arguments here entertained.

Counsel for claimant should also bear in mind rule 344-(a)(4)(e), R. C. P., which requires cases decided by this court, cited in briefs, designate the volume and page where found in *both* the Iowa Reports and North Western Reporter if reported therein.

According to the record decedent and one Harvey Finney were partners in a dragline operation from April into June

1961, and engaged in digging ditches and basements. On two occasions within this period of time Stewart Newell, a maintenance employee for Cities Service Oil Company, engaged the services of the partnership to dig out and remove some underground gasoline tanks. The partners received $1.50 per hour for their time, plus $10 an hour for the dragline.

Upon termination of the partnership Finney took over the dragline and decedent began operating as a free-lance trucker.

About November 29, 1961, Newell, not knowing the partnership had been dissolved, contacted decedent relative to removal of some more underground tanks.

This one job was to be done anytime decedent and Finney desired within that week.

Having no machine and being unable to operate one, decedent then arranged for Finney to do the digging with his dragline.

December 1, 1961, decedent and Finney met at the jobsite and started work. Newell appeared later and disconnected the pipes leading from the pumps to the tanks, but did not direct or control the work being done by decedent and Finney. Cities Service supplied no equipment for the job. It was a five- or six-hour project.

During the tank removal operation decedent came in contact with a high voltage electric wire and was electrocuted.

Claimant then billed Cities Service Oil Company and was paid on the same basis as had been charged by the partnership. No social security or income taxes were deducted by Cities Service.

Claimant prepared the 1961 income tax returns for herself and decedent which included his pay from Cities Service. She also paid self-employment tax or social security for her husband, the decedent, as a self-employed person.

Upon this factual situation the deputy commissioner found claimant's husband was an independent contractor at time of death and denied recovery. This finding was affirmed by the commissioner. On appeal to the district court the findings of the commissioner were affirmed. From that final order claimant appealed to this court.

I. Sitting as a sole arbitrator the deputy commissioner, after reciting the factual situation, said in part: "The principal issue to be decided relates to the defense raised by the defendants that the deceased was an independent contractor. The defendants have the burden of establishing a defense by a preponderance of the evidence."

There followed this finding of fact: "That Raymond Nelson when killed on December 1, 1961, was an independent contractor as provided by §85.61(3c) of the Workmen's Compensation Act." He concluded claimant was not entitled to compensation benefits.

Claimant does not contend the deputy commissioner erred in his findings and conclusions.

But on review the commissioner, after fairly summarizing the record, stated in part as follows: "Claimant has the burden of proof to show that the deceased was an employee of the City (sic) Service Oil Co. and not an independent contractor. *Elliott v. Wilkinson*, 248 Iowa 667, 81 N.W.2d 925."

He then proceeded to make this finding of fact:

"That Claimant has failed to show by a preponderance of the evidence that Raymond Nelson was an employee of City (sic) Service Oil Co. on December 1, 1961.

"That Raymond Nelson was an independent contractor under the provisions of Code §85.61(3)(b) when he was killed, December 1, 1961."

It is at once apparent the commissioner's statement as to burden of proof was erroneous to the extent it purported to place on claimant any duty to show her decedent was not an independent contractor.

■ This court has consistently held it is a claimant's duty to prove by a preponderance of the evidence he or his decedent was a workman or employee within the meaning of the law, and he or his decedent received an injury which arose out of and in the course of employment. See section 85.61, Code, 1962; Everts v. Jorgensen, 227 Iowa 818, 822–826, 289 N.W. 11; and Reddick v. Grand Union Tea Co., 230 Iowa 108, 114–116, 296 N.W. 800.

■ And, if a compensation claimant establishes a prima facie case the burden is then upon defendant to go forward with

the evidence and overcome or rebut the case made by claimant. He must also establish by a preponderance of the evidence any pleaded affirmative defense or bar to compensation. Crees v. Sheldahl Tel. Co., 258 Iowa 292, 139 N.W.2d 190, 193; Daggett v. Nebraska-Eastern Exp. Inc., 252 Iowa 341, 344–346, 107 N.W.2d 102; Volk v. International Harvester Co., 252 Iowa 298, 302, 106 N.W.2d 649; Elliott v. Wilkinson, 248 Iowa 667, 81 N.W.2d 925; Griffith v. Norwood White Coal Co., 229 Iowa 496, 498, 294 N.W. 741; Featherson v. Continental-Keller Co., 225 Iowa 119, 125, 279 N.W. 432; Everts v. Jorgensen, 227 Iowa 818, 822–826, 289 N.W. 11; Flint v. City of Eldon, 191 Iowa 845, 850, 183 N.W. 344; 100 C. J. S., Workmen's Compensation, section 516, page 472; and 58 Am. Jur., Workmen's Compensation, section 433, page 856.

■ II. So the question now posed is whether the commissioner on review actually determined the case upon an erroneous rule of law as to burden of proof. If he did so we must reverse and recommit the case to him for further proceedings under the correct rule. Travelers Ins. Co. v. Sneddon, 249 Iowa 393, 397, 86 N.W.2d 870, and Flint v. City of Eldon, 191 Iowa 845, 850, 183 N.W. 344.

By the same token a reversal would not here be required if the commissioner inadvertently misstated a rule of law but actually resorted to and correctly determined the case under the proper rule according to the evidence. See Gifford v. Iowa Mfg. Co., 243 Iowa 145, 174, 51 N.W.2d 119.

After misstating, in part only, the rule of law applicable in cases such as this, the commissioner went on to a finding of fact substantially as follows: (1) claimant failed to prove by a preponderance of the evidence decedent was an employee of Cities Service at time of the fatal injury, and (2) it is disclosed by a preponderance of the evidence decedent was an independent contractor at that time.

Although the commissioner did not specifically so declare, it is evident he found claimant had failed to prove by a preponderance of the evidence her decedent was an employee, and the evidence did in fact affirmatively disclose decedent was an inde-

pendent contractor when he was electrocuted. Under the record he could hardly have found otherwise.

We conclude the commissioner's inadvertent reference to an erroneous rule of law as to burden of proof was not in fact persuasive or controlling in his adjudication, and that he actually determined the case on review in accord with the correct applicable rule.

III. The next question presented is whether there was sufficient competent evidence to support the findings of fact, conclusions and decision reached by the commissioner in this case.

We have several times given recognition to certain well established though sometimes rather elusive tests or indicia by which an employer-employee relationship and status as an independent contractor may be determined.

▐█▌ The often cited case of Mallinger v. Webster City Oil Co., 211 Iowa 847, 851, 234 N.W. 254, contains this statement:

"An independent contractor, under the quite universal rule, may be defined as one who carries on an independent business, and contracts to do a piece of work according to his own methods, subject to the employer's control only as to results. The commonly recognized tests of such a relationship are, although not necessarily concurrent, or each in itself controlling: (1) the existence of a contract for the performance by a person of a certain piece or kind of work at a fixed price; (2) independent nature of his business or of his distinct calling; (3) his employment of assistants, with the right to supervise their activities; (4) his obligation to furnish necessary tools, supplies, and materials; (5) his right to control the progress of the work, except as to final results; (6) the time for which the workman is employed; (7) the method of payment, whether by time or by job; (8) whether the work is part of the regular business of the employer."

See also Usgaard v. Silver Crest Golf Club, 256 Iowa 453, 456, 127 N.W.2d 636.

▐█▌ And as revealed in Hassebroch v. Weaver Construction Co., 246 Iowa 622, 628, 67 N.W.2d 549: "The principal accepted

1216

test of an independent contractor is that he is free to determine for himself the manner in which the specified result shall be accomplished."

Then in Hjerleid v. State, 229 Iowa 818, 826, 827, 295 N.W. 139, this court pointed out the accepted criteria by which to determine whether an employer-employee relationship exists, are as follows: "* * * (1) the right of selection, or to employ at will; (2) responsibility for the payment of wages by the employer; (3) the right to discharge or terminate the relationship; (4) the right to control the work; and (5) is the party sought to be held as the employer the responsible authority in charge of the work or for whose benefit the work is performed." See also section 85.61(2), Code, 1962, and Usgaard v. Silver Crest Golf Club, 256 Iowa 453, 455, 456, 127 N.W.2d 636.

Also, in Schlotter v. Leudt, 255 Iowa 640, 643, 123 N.W.2d 434, we said: "The most important consideration in determining whether a person giving service is an employee or an independent contractor is the right to control the physical conduct of the person giving service. If the right to control, the right to determine, the mode and manner of accomplishing a particular result is vested in the person giving service he is an independent contractor, if it is vested in the employer, such person is an employee."

Finally in this connection we called attention in the Usgaard and Hassebroch cases, both supra, to another possible element which, when applicable, might be used with others as an aid in determining whether one person is or is not the employee of another, to-wit: the intention of the parties as to the relationship created or existing. Standing alone this may be somewhat misleading.

But as explained in Restatement, Agency 2d, comment m., under section 220: "It is not determinative that the parties believe or disbelieve that the relation of master and servant exists, except insofar as such belief indicates an assumption of control by the one and submission to control by the other. However, community custom in thinking that a kind of service, such as household service, is rendered by servants, is of importance."

From this it would appear the trier of the facts may,

where appropriate, use this subjective standard to the extent it serves to shed light upon the true status of the parties concerned. It is the permissible use of relevant external factors in a given community, disclosed by the evidence, which with other approved criteria may aid the trier of the facts in determining whether a party stands in the position of employee.

IV. With these principles in mind we turn again to the commissioner's findings on review.

 He there fairly summarized the factual situation as follows: "The record in this case shows that Newell contacted the deceased, who in turn contacted Finney, and that the parties contemplated that the removal of the tanks be completed in a manner to be determined by the deceased and Finney; and that there was no control over the hours of work and that the deceased and Finney furnished the equipment used for the undertaking. Newell was present only for the purpose of disconnecting the pumps. The evidence found in the record is for the most part undisputed and *there was no real evidence of any employee-employer relationship between the deceased and City (sic) Service Oil Co.*" (Emphasis supplied.)

Following this he made the aforesaid finding of fact: (1) claimant failed to prove her decedent was an employee, and (2) the evidence disclosed decedent was an independent contractor. A detailed analysis of the evidence is not necessary. We are satisfied that under the correct rule of law relative to burden of proof the record discloses sufficient competent evidence to warrant a decision the decedent was an independent contractor, and it cannot be held as a matter of law he was an employee. Under these circumstances this court is bound by the commissioner's findings. Code section 86.29; Uhe v. Central States Theatre Corp., 258 Iowa 580, 581, 139 N.W.2d 538, 538, 539; Sister M. Benedict v. St. Mary's Corp., 255 Iowa 847, 849, 124 N.W.2d 548; Eagen v. K & A Truck Lines Inc., 254 Iowa 914, 916, 119 N.W. 2d 805; Hemker v. Drobney, 253 Iowa 421, 423–425, 112 N.W.2d 672; and Daggett v. Nebraska-Eastern Exp. Inc., 252 Iowa 341, 347, 107 N.W.2d 102.

V. It is to us apparent the commissioner's inadvertent

reference to an erroneous rule of law was inconsequential and without prejudice.

We are also satisfied his findings, conclusions and decision find ample support in the record.

As a result there exists neither cause nor right on our part to reverse.

The commissioner's decision that claimant's decedent was not an employee of Cities Service Oil Company at time of his fatal injury but was then in fact an independent contractor must be affirmed.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.