**John G. CRANE, d/b/a Crane Siding & Roofing Company, Petitioner-Appellee,**

v.

**Robert E. MEIER, Respondent-Appellant,**

**Iowa Industrial Commissioner, Respondent.**

No. 2–66307.

Court of Appeals of Iowa.

Aug. 26, 1982.

---

Lloyd E. Humphreys of Humphreys & Associates, Cedar Rapids, for respondent-appellant.

Gregory Alan Lewis of Moyer & Bergman, Cedar Rapids, for petitioner-appellee.

Considered by OXBERGER, C.J., and SNELL and JOHNSON, JJ.

**PER CURIAM.**

Claimant appeals from the district court's decision, on judicial review, which reversed the agency's decision finding claimant eligible for workers' compensation benefits, contending (a) the district court applied an incorrect standard of review and (b) substantial evidence supported the agency's conclusion that claimant was an employee of petitioner. There was substantial evidence supporting the agency's finding claimant was an employee of petitioner. Decision of trial court is reversed and the agency's decision is reinstated.

Defendant, Crane Siding Company, was a sole proprietorship owned by John G. Crane. Crane was in the business of applying siding to homes. Crane described himself and his business as a general contractor who sold siding packages to homeowners and then subcontracted the actual application of the siding to independent contractors. Delmar Werner was one of those subcontractors.

Claimant, Robert Meier, was injured when he fell from some scaffolding while applying siding to a home. The owner of the home had contracted directly with Crane to provide the siding for the home. Crane in turn contracted with Werner to apply the siding. Meier, a friend of Werner, was working on the home with Werner when he was injured.

Meier sought worker's compensation benefits from Crane under the Iowa Workmen's Compensation Act. Crane denied liability contending Meier was not Crane's employee. Crane claimed Werner was an independent contractor. As a general rule, Crane required each of the subcontractors to sign two forms, both prepared by Crane. The first form repudiated the existence of any employer-employee relationship and the second form established the terms and conditions of the contractor-subcontractor relationship. Werner had signed the forms. Meier had not.

The dispute was heard by a hearing officer on submitted depositions. The hearing officer concluded Werner was an employee of employer, Crane Siding Company, despite Crane's attempts to prevent establish-

ment of that type of relationship. The hearing officer discussed and applied the elements listed in *Nelson v. Cities Oil Service,* 259 Iowa 1209, 1215, 146 N.W.2d 261, 265 (Iowa 1967), to determine an employer-employee relationship, rather than a contractor-subcontractor relationship, existed. The hearing officer then concluded Meier was, as a matter of law, an employee of Crane Siding Company. The Industrial Commissioner adopted the findings and conclusion of the hearing officer.

Crane petitioned for judicial review of that decision. The district court reversed the agency's decision. The court held although there was abundant evidence Crane was an employer in his business, there was no evidence to support a finding that Meier was an employee. The court further concluded Meier was a casual employee and for that reason he was excluded from coverage under chapter 85 by Iowa Code § 88.1(2) (1975). The trial court then reversed the agency's decision.

I. Scope of Review

■ Iowa Code § 86.26 provides for judicial review of decisions of the industrial commissioner in accordance with the terms of chapter 17A. District court review of agency fact findings is governed by section 17A.19(8), The Code 1979. The trial court will uphold agency fact findings that are supported by substantial evidence in the record, viewed as a whole, made before the agency. *Id.; Hawk v. Jim Hawk Chevrolet-Buick Inc.,* 282 N.W.2d 84, 86–87 (Iowa 1979). Evidence is substantial when a reasonable mind would accept it as sufficient to support a conclusion. *Id.* at 86. The possibility of drawing two inconsistent conclusions from the evidence does not prevent the agency's finding from being supported by substantial evidence. *City of Davenport v. PER Board,* 264 N.W.2d 307, 311 (Iowa 1978). In *Hoffman v. Iowa Department of Transportation,* 257 N.W.2d 22 (Iowa 1977), the supreme court stated:

> An appeal from the determination of the district court is allowed under § 17A.20. Our review in a contested case under § 17A.20 is not de novo. Our task is to review the record in the manner specified

in § 17A.19(7) and make anew the judicial determinations specified in § 17A.19(8). Our review is limited, as the district court's review should have been, to the record made before the hearing officer.

The sole question, then for our determination is whether the record before the hearing officer [contains substantial evidence supporting the agency determination.]

II. Employee-Employer Relationship

■ We find there is substantial evidence supporting the agency's conclusion that Werner was employed by Crane Siding Company. Crane does not contest the finding he was an employer. The evidence is clear Crane and Werner did not have a contractor-subcontractor relationship as defined in *Nelson v. Cities Service Oil Co.,* 259 Iowa 1209, 146 N.W.2d 261 (Iowa 1967). There is evidence Crane had instructed on the work methods to be used, that the "subcontractors" had a more or less continuous relationship with Crane, that Crane made provisions for rental of equipment needed by the "subcontractors," that Crane had, in at least one instance, exercised some control over who could work for the "subcontractors" and Crane had indicated the "subcontractors" could not work for any other siding company. There is other evidence that indicates Crane and Werner had established an employer-employee relationship. Since we find substantial evidence supporting the agency's conclusion on the relationship between Crane and Werner, we now look at Meier's relationship with Crane.

The hearing officer concluded that "Werner had the apparent authority to hire the claimant and that in claimant's mind, this defendant had the authority to fire him." In *Bidwell Coal Co. v. Davidson,* 187 Iowa 809, 817–18, 174 N.W. 592 (1919), the court held a shot firer in a mine, who was hired by the employees of the employer, was an employee of the employer for purposes of workmen's compensation benefits. We think the situation in *Bidwell* is sufficiently analogous to the facts in the case at bar to be dispositive. We think, given the apparent authority for Werner to hire Meier to

do work for the Crane Siding Company and Crane's apparent control over the operations of Werner, the conclusion is clear Meier was an employee of Crane Siding Company.

We are also convinced Meier was not a casual employee who would be excluded from coverage of the act by section 88.1(2), The Code 1975. Construing the terms of the exception strictly against the employer, *Gardner v. Trustees of Main Street Methodist Episcopal Church,* 217 Iowa 1390, 1401, 250 N.W. 740, 745 (1933), we do not believe Meier's association could properly be labeled " 'occasional,' 'irregular,' or 'incidental.' " *See id.* at 1400, 250 N.W.2d at 744. The mere fact Meier was injured shortly after he began the association is not sufficient to make him a casual employee. *Id.* The district court erred in reversing the decision of the Industrial Commissioner. Accordingly, we reverse the district court and reinstate the findings and conclusions of the agency.

REVERSED.