**IN THE COURT OF APPEALS OF IOWA**

No. 24-1830
Filed December 3, 2025

**LM INSURANCE CORPORATION,**
    Plaintiff-Appellee,

**vs.**

**PPC ROOFING, LLC,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Jason D. Besler, Judge.


An insured employer appeals adverse summary judgment rulings.
**AFFIRMED.**


Austin J. McMahon of Lange & McMahon, P.L.C., Independence, for appellant.

Kevin V. Abbott of Abbott Osborn Jacobs PLC, West Des Moines, for appellee.


Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**BULLER, Judge.**

PPC Roofing LLC (PPCR) appeals from adverse summary judgment rulings in its case against LM Insurance Corporation (LMI). The district court denied PPCR's motion for summary judgment because of a genuine issue of material fact and granted LMI's cross-motion because PPCR failed to exhaust administrative remedies under Iowa Code section 515A.9 (2023). We affirm.

## I.       Background Facts and Proceedings

PPCR is a limited liability company with a single member. It acted as a general contractor and exclusively used subcontractors for labor during the period relevant to this appeal. PPCR contracted with LMI for two consecutive one-year-term workers' compensation insurance policies through the State of Iowa's assigned risk plan. Debits and credits for both policies were accrued under a single account payable by PPCR. Both policies required PPCR to pay an initial premium, with a final premium to be formulated based on the number of PPCR's officers, employees, and "all other persons engaged in work" that could subject LMI to liability for workers' compensation claims. The policy also gave LMI the authority to audit PPCR's related records, and PPCR was required to provide LMI with all relevant bookkeeping records.

In April 2022, LMI sent PPCR an audit summary calculating a $18,893 final premium for the first policy. In September, PPCR cancelled the second policy—three months into the term—and by the end of the year it paid LMI $6864 toward the balance due on its account. In January 2023, LMI sent PPCR a revised audit for the cancelled second policy, adjusting the balance due upwards an additional $2167, resulting in an outstanding account balance for the two policies of $14,095.

LMI included PPCR's subcontractors in premium calculations for both policies. After this, PPCR made no further payments to LMI and offered no explanation for its failure to pay the balance due.

In November, LMI sued PPCR for breach of contract, and PPCR counterclaimed for unjust enrichment. In an interrogatory response, LMI asserted "employees were not included on the audits; only uninsured subcontractors were." And PPCR's sole member attested that PPCR is a general contractor and only used subcontractor labor during the policy term. PPCR moved for summary judgment. LMI resisted and also counter-moved for summary judgment. The court denied PPCR's motion, reasoning the legal status of the subcontractors used by PPCR was a genuine issue of material fact. It also granted LMI's motion for summary judgment, ruling PPCR was barred from asserting a defense against LMI's motion for failing to exhaust administrative remedies under Iowa Code section 515A.9 and *Travelers Indemnity Co. v. D.J. Franzen, Inc.*, 792 N.W.2d 242 (Iowa 2010).

PPCR appeals.

## II.     Standard of Review

We review a ruling on a motion for summary judgment for correction of errors at law. *Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 800 (Iowa 2019). "Summary judgment is proper when the moving party has shown there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *EMC Ins. Grp. v. Shepard*, 960 N.W.2d 661, 668 (Iowa 2021) (cleaned up). "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit when a

nonmoving party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Slaughter*, 925 N.W.2d at 808 (cleaned up). We review evidence "in the light most favorable to the nonmoving party." *Id.* at 800 (citation omitted).

### III. Discussion

To succeed on a breach-of-contract claim, a plaintiff must prove:

(1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach.

*Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W. 2d 107, 111 (Iowa 2013) (citation omitted). As we understand it, PPCR argues LMI conceded it could not prove an element of its breach-of-contract claim; as for LMI's motion, PPCR urges that administrative exhaustion wasn't required, and even if it was, LMI was not entitled to summary judgment. We take each claim in turn.

First, PPCR argues LMI failed to show it performed all the terms and conditions of the contract allegedly because LMI admitted it did not adhere to the final premium formula and was thus not obligated to pay. We disagree. The contract called for the premium to be calculated based on the payroll or other remunerations for all officers, employees, and all other persons engaged in work possibly implicated by workers' compensation liability. PPCR points to LMI's interrogatory response that it only included subcontractors in its audit, that PPCR's sole member attested to only using subcontractors, and that employers need not cover workers' compensation for independent contractors. *See* Iowa Code § 85.61(11)(c)(2). But the district court found, and we agree, that PPCR did not

provide sufficient facts to support its legal assertion that these subcontractors weren't legally employees. *See, e.g.*, *Stark Constr. v. Lauterwasser*, No. 13-0609, 2014 WL 1495479, at *4 (Iowa Ct. App. Apr. 16, 2014) (discussing an eight-factor test to determine independent contractor status or employer-employee relationship); *see also Nelson v. Cities Serv. Oil Co.*, 146 N.W.2d 261, 265 (Iowa 1966) ("The principal accepted test of an independent contractor is that he is free to determine for himself the manner in which the specified results shall be accomplished." (citation omitted)). Reviewing the pleadings in the light most favorable to the nonmovant, we agree with the district court that reasonable minds could draw different legal conclusions as to the workers' status, and we discern no reversible error.

Next, PPCR challenges district court's application of Iowa Code section 515A.9. The statute creates a comprehensive dispute-resolution scheme for workers' compensation insurers and the insured. Iowa Code § 515A.9; *Chartis Ins. v. Iowa Ins. Comm'r.*, 831 N.W.2d 119, 127 (Iowa 2013). The supreme court has held there is an implicit administrative exhaustion requirement before seeking judicial review. *Travelers*, 792 N.W.2d at 249 ("We find the comprehensive nature of the statute's remedial scheme implies that section 515A.9 is mandatory."). And that court specifically permitted an insurer "to offensively use the exhaustion doctrine" to prohibit an insured from asserting this defense in court. *Id.* at 250–51. Here, PPCR objects to the application of section 515A.9 because the contract did not contemplate an external, statutory grievance mechanism and argues the facts of *Travelers* are distinguishable. We are not convinced on either point.

First, there is a longstanding "presumption that parties incorporate applicable statutes into their contracts," and we doubt the parties could contract around the statutory scheme. *See Miller v. Marshall Cnty.*, 641 N.W.2d 742, 751 (Iowa 2002). As for distinguishing *Travelers*, we are reluctant to do so. Both cases involve a factual dispute over the characterization of agents as employees or independent contractors. *See Travelers*, 792 N.W.2d at 244–45. Like the insured in *Travelers*, PPCR inhibited the opportunity for agency expertise input on this issue and the development of an administrative record. *See id.* at 250. And while PPCR did not disregard three years of notice to its right to seek review under section 515A.9 like the insured in *Travelers*, we are not aware of any case law requiring LMI to provide notice under the statute. *See id.*

Finally, PPCR complains that it did not have notice or knowledge it was subject to an exhaustion requirement. And it argues that, by omitting any reference to such a requirement in the contract language, LMI misrepresented the contract and should be estopped from offensively using the exhaustion doctrine. Again, neither the statutory scheme nor case law required LMI to notify PPCR of its rights. And we are unaware of any relevant case law that excuses PPCR's ignorance of the statute, and we are bound by controlling supreme court precedent that section 515A.9 is *mandatory*. *See id.* at 249. Because the supreme court has held LMI can offensively use the exhaustion doctrine, PPCR is prohibited from asserting its counterclaim for unjust enrichment.

**AFFIRMED.**